Booth *v.* Cook.

Which motion was overruled, and the court rendered judgment against the plaintiff for costs, and plaintiff appealed, and now assigns the following errors:

The court erred in refusing ·to give proper instructions asked for by plaintiff.

The court erred in giving improper instructions asked for by the defendant.

It was contrary to law and evidence.

The court erred in overruling the motion for a new trial, and rendering judgment for defendant.

WEAD & WILLIAMSON, for Appellant.

GOUDY & JUDD, for Appellees.

JONATHAN BOOTH, Appellant, *v.* JOHN COOK, Appellee.

APPEAL FROM MARSHALL.

A party may not state in general terms that it is not in his power to produce a deed; but he must give such detailed circumstances, in relation to the search for it, and the probabilities of its loss, as will convince the judgment of the court of its actual loss, or of the inability of the party to produce it.

An acknowledgment of a deed, by a notary public of another State, without a seal, or certificate of his appointment, will be altogether invalid.

THIS was an action of ejectment, by the plaintiff, Booth, against the defendant, Cook, brought to recover the east half of the north-west quarter of section twenty-six, in township thirty north, range two west of the third principal meridian, in Marshall county.

For the purpose of sustaining his title, and as a necessary link in the chain, the plaintiff offered, in evidence, a certified copy of a deed from Joseph L. James and wife, John H. Haines

and wife, and Hezekiah Lyon, to Cephas Mills, dated January 3rd, 1837.

This deed was objected to, for the reason that no sufficient excuse had been shown for the non-production of the original.

The plaintiff, to obviate the objection, read the following affidavit:

"Jonathan Booth, the plaintiff above named, after being duly sworn, on oath, saith, that the original deed of conveyance, made by Joseph L. James and Amelia James, his wife, and John H. Haines and Catherine Haines, his wife, and Hezekiah Lyon, to Cephas Mills, dated on the third day of January, A. D. 1837, for the following described land, to wit: the east half of the north-west quarter of section twenty-six, in township thirty north, of range two west of the third principal meridian, in the county of Marshall and State of Illinois, is not in his power, possession or control; that he, affiant, has never, to his best knowledge or belief, seen said deed, and has never had possession thereof; and that he, affiant, has no knowledge of the whereabouts of the same."

The court overruled the objection to the deed, and admitted the same in evidence, and the defendant's counsel excepted.

The plaintiff then offered, in evidence to sustain his title, a deed from Cephas Mills and wife to Joseph P. Martin, dated March 29th, 1841, which purported to have been acknowledged before Cyrus Dana, "a notary public of Berrian county, Michigan," which was objected to, upon the ground that it did not appear to have been executed, acknowledged and certified under any official seal. The objection was overruled and the deed admitted. The defendant excepted.

The admission of these two deeds in evidence is the only error complained of in the record.

This cause was heard before BALLOU, Judge, and a jury, at October term, 1857, of the Marshall Circuit Court.

N. H. PURPLE, for Appellant.

WEAD & RICHMOND, for Appellee.

CATON, C. J.    This was an action of ejectment, by the plaintiff, Booth, against the defendant, Cook, brought to recover the east half of the north-west quarter of section twenty-six, in township thirty north, range two west of the third principal meridian.

For the purpose of sustaining his title, and as a necessary link in the chain, the plaintiff offered, in evidence, a certified copy of a deed from Joseph L. James and wife, John H. Haines

and wife, and Hezekiah Lyon, to Cephas Mills, dated January 3rd, 1837.

This deed was objected to, for the reason that no sufficient excuse had been shown for the non-production of the original.

The plaintiff, to obviate the objection, read the following affidavit:

" Jonathan Booth, the plaintiff above named, after being duly sworn, on oath, saith, that the original deed of conveyance, made by Joseph L. James and Amelia James, his wife, and John H. Haines and Catharine Haines, his wife, and Hezekiah Lyon, to Cephas Mills, dated on the third day of January, A. D. 1837, for the following described land, to wit: the east half of the north-west quarter of section twenty-six, in township thirty north, of range two west of the third principal meridian, in the county of Marshall and State of Illinois, is not in his power, possession or control ; that he, affiant, has never, to his best knowledge or belief, seen said deed, and has never had possession thereof; and that he, affiant, has no knowledge of the whereabouts of the same."

The court overruled the objection, and admitted the copy in evidence, to which an exception was taken.

We think the affidavit was insufficient, and that the objection should have been sustained. The affidavit states, in general terms, that the original deed was not in the affiant's power, possession or control, without showing that he had ever made any inquiry for it, or any effort to produce the original. It is not sufficient to state in general terms that it is not in his power to produce the deed, but he must state circumstances to the court, from which the court can itself see it is out of his power to produce the original. It is for the court, and not for the party, to draw the conclusion whether or not it is in his power to produce the deed ; and it is the duty of the party to state the facts and circumstances, from which the court may be enabled to draw a correct conclusion on the subject. He must show the court that he has, in good faith, made every reasonable effort to produce the original, and he must show, in detail, what those efforts have been. If he has made diligent and faithful inquiry to find the parties in whose possession it might probably be, as the grantee, and those claiming under him, and has been unable to find them, or, if found, and he proves by them that the deed is lost, or cannot be found after diligent search, then the court may properly conclude that it is out of his power to produce the deed. The provision of the statute under which the copy was offered, is this : " And if it shall appear to the satisfaction of the court that the original deed so acknowledged or proved, and recorded, is lost, or not in the

power of the party wishing to use it, a transcript of the record thereof, certified by the recorder in whose office the same may be recorded, may be read in evidence in any court of this State without proof thereof."

These facts must appear to the satisfaction of the court. The court can only be satisfied of them by evidence sufficient to convince its judgment that the deed is lost, or the party cannot produce it. There is nothing unreasonable in requiring the party to make faithful efforts to produce the original. The security of parties against fraud and forgeries, requires that the original should be produced whenever it is practicable to do so. Copies should only be admitted from absolute necessity. So long as there are bad men in the world who are capable of committing as well perjury as forgery, it is the duty of the courts, as far as possible, to protect honest men against them ; and honest men should not complain at any reasonable inconvenience to which they may be subjected, to close every possible avenue to such practices. The very rule which will subject an honest man to inconvenience to-day may be his security to-morrow. We think the affidavit altogether insufficient.

The plaintiff then offered in evidence, to sustain his title, a deed from Cephas Mills and wife to Joseph P. Martin, dated March 29th, 1841, which purported to have been acknowledged before Cyrus Dana, a " notary public of Berrian county, Michigan," which was objected to, upon the ground that it did not appear to have been executed, acknowledged and certified under any official seal. The objection was overruled and the deed admitted, and an exception taken.

There is not the least shadow of evidence that Cyrus Dana was a notary public, neither a certificate of the secretary of the State of Michigan, nor any notarial seal to verify his attestation. A notary's acts should always be attested by a notarial seal, which every notary is presumed in all countries to have. Even in this case there is no certificate of conformity. Indeed, there is nothing to show that this man Dana had any authority, either by our law or by that of Michigan, to take acknowledgments of deeds. Some objection might be taken to the substance of this acknowledgment, but it is unnecessary to consider it.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*