## Case No. 17,467.

WETMORE v. LAIRD.

[5 Biss. 160.][1]

Circuit Court, N. D. Illinois. July, 1870.

DEEDS—ACKNOWLEDGMENT—NOTARY'S SEAL.

1. Nothing will be presumed in favor of a notary's certificate of acknowledgment. He must state all the facts necessary to show a valid official act, and that he has affixed his notarial or official seal.

[Cited in Muncie Nat. Bank v. Brown, 112 Ind. 477, 14 N. E. 358.]

2. A certificate which fails to show that the seal affixed is his notarial or official seal, is insufficient.

This was an action of ejectment which was tried before a jury at the May term, and verdict found for the plaintiff. Motion for new trial was interposed on the part of the defendant and two errors assigned: First, that the court erred in admitting in evidence on the part of the plaintiff a certified copy of a deed from Julius O. Harris to Nathan D. Elston. The objection made to that deed was, that there is no seal to the notary public's certificate of acknowledgment. The attesting clause to the notary's certificate simply reads as follows: "Witness my hand and seal this day," etc.; and the certified copy contains merely a scrawl. The defendant claimed that the deed must show affirmatively that the notary public has a seal and that he has affixed his notarial seal to the certificate.

BLODGETT, District Judge. Plaintiff contended that when a notary public says, "Witness my hand and seal," he means his notarial seal. But after an examination of the authorities touching this question, I have come to the conclusion that nothing should be presumed, in favor of a notary public's certificate of acknowledgment to a deed of conveyance; he must state all the facts necessary to show a valid official act on his part, and, inasmuch as the statute expressly provides that a notary public must authenticate his certificate of acknowledgment to a deed by his notarial seal, it seems clear to me that the certificate itself must expressly affirm and show that he has so authenticated it; in other words, he must state he has affixed his official or notarial seal; and it must appear from the inspection of the original paper that there is such a seal affixed to the deed. In this case, inasmuch as only a certified copy was used, and as the recorder has probably not made a fac simile of that seal on the record book of the deed, we are of course in the dark as to just what the original deed did express on its face. It may have had merely a scrawl; it may have had a regularly cut, engraved or stamped seal of the notary public; but, be that as it may, I do not think you are to stand by the seal alone. I think you must have also the certificate of the officer that what purports to be his seal is his official seal. Inasmuch as this deed is wholly barren of any statement of this kind, and fails to show affirmatively that the seal affixed to the instrument is his notarial or official seal, I think it was erroneously received in evidence by the court. As this was one of the material deeds making out the plaintiff's chain of testimony, without which he was unable to attain title, prima facie, to himself, of the property, it is sufficient to dispose of this motion for a new trial.

The other error assigned, the refusal on the part of the court to receive in evidence the auditor's deed, which was offered as proving a connected title under the limitation law of 1835, I do not deem it necessary to pass upon. New trial granted.

Consult Booth v. Cook, 20 Ill. 129.