# Miller *v.* Henry.

### *Action on Bond.*

*Bond endorsed in blank; when holder may maintain action in own name.*—The endorsement in blank by the payee of a bond, authorizes the filling of the blank with the name of any subsequent holder, which filling up may be done or considered done on the trial, and enables such holder to maintain an action thereon in his own name.

APPEAL from Circuit Court of Marshall.
Tried before Hon. W. J. HARALSON.

This was a suit by the appellee on a bond, of which the following is a copy:

"720.00. Three years after date I promise to pay to

[Miller v. Henry.]

John M. Patton or order, the sum of seven hundred and twenty dollars, for value of him received. Witness my hand and seal at Huntsville, Alabama, this the 20th day of July, A. D. 1861. HENRY L. MILLER." [seal.]

The complaint was as follows:

"Plaintiff claims of defendant seven hundred and twenty dollars, due by bond executed by him on the twentieth day of July, 1861, payable three years after its said date, to one John M. Patton, by whom it was transferred and endorsed to one James Critcher, by whom it was transferred to one James H. Moore, by whom .it was transferred to plaintiff, whose property it now is, with interest due thereon."

Across the back of the bond was written "J. M. Patton." The plaintiff offered to read the bond in evidence, and was allowed by the court to do so, against the objection and exception of the appellant. This was all the evidence. The jury found for the plaintiff, assessing the debt and interest due him at the sum of twelve hundred and fifty-one dollars and sixty cents. The admission of the bond in evidence, and the rendition of the judgment for interest, are here assigned for error.

STONE & CLOPTON, for appellant.

HENRY C. SEMPLE, contra.

MANNING, J.—The bond admitted in evidence against the objection of appellant corresponded with the description of it in the complaint, and was made payable as alleged, to John M. Patton, by whom (as the complainant proceeds to say,) "it was transferred *and indorsed* to one James Critcher, by whom it was *transferred* to one James H. Moore, by whom it was *transferred* to the plaintiff, whose property it now is."

The ground of objection was, that the bond was indorsed by Patton in blank, and that Critcher's name and those of the other transferrees did not appear on it. It is not alleged that any person but Patton indorsed it; and it is unnecessarily added that he transferred and indorsed it to Critcher, and that he *transferred* (not indorsed) it to Moore, and that he *transferred* it to plaintiff, whose property it is.

The indorsement by the payee in blank, authorized the filling up of the blank with the name of Mr. Critcher, the person to whom it was delivered, or of any other subsequent owner and holder; which filling up might have been done, or considered as done at the time of the trial.—*Riggs v. Andrews*, 8 Ala. 628; *Sawyer's Adm'r v. Patterson*, 11 id. 523.

[Burkham v. Mastin.]

There was no error in refusing to exclude the bond from being read in evidence; and the mere transfer of it by Critcher or any subsequent owner, conveyed to the transferree a property in it, which would not only enable but require the suit upon it to be brought, while he was the owner of it, in his name; according to the statute which declares that the action on such an instrument "must be prosecuted in the name of the party really interested, whether he have the legal title or not."—Rev. Code, § 2523.

The remaining assignment of error is founded in mistake. Judgment was not rendered for more, by the amount of the interest, than was demanded by the complaint. It claims the amount mentioned in the bond, "with the interest due thereon," as set forth at the end of the complaint. Besides, there was no exception in regard to this, and it is not an error for which this court would reverse.

My opinion is that the judgment of the circuit court ought to be affirmed. And by section 665 of the Revised Code, it is enacted that if two of the judges of this court be disqualified from sitting in any cause, the other judge must hear it, "and if of the opinion that the judgment should be affirmed, his judgment is of the same force and effect as if it were the judgment of a majority of the court." My colleagues being both disqualified, having been of counsel for appellant, do not sit in this cause.

The judgment of the circuit court is affirmed.