**ST. JOHN *VS.* REDMOND.**

1. Where it is sought to bind a principal for acts performed by an agent, acting without express authority, on the ground of a previous recognition of similar acts, it is necessary to shew, that the instrument in question, was taken on the faith of such previous recognition.

2. An attorney in fact, cannot bind his principal beyond the power delegated.

3. A power of attorney may be acknowledged before a notary public, and when verified under his notarial seal, may be used in evidence.

Error to Mobile County court.

Assumpsit on a bill of exchange, drawn and endorsed by B. Leavens, and accepted by defendant below. Verdict and judgment for plaintiff.

The bill of exceptions states, that plaintiff offered in evidence the bill of exchange on which the action was founded, accepted by defendant, by James G. Whitaker, as his agent; and to shew Whitaker's authority to accept, offered in evidence a power of attorney, which authorised Whitaker to transact all such business as appertained to, or concerned the defendant in his individual capacity, or as the surviving partner of St. John & Leavens, and after specifying the particular acts which might be done, conferred a general grant of power, to do all and every act which might be necessary to execute the power conferred. No evidence was offered to prove the execution of the power, other than the notary's certificate attached thereto. The introduction of the power

St. John *vs.* Redmond.

was objected to by the defendant, which objection was overruled by the court, and the power allowed to go to the jury—to which defendant excepted.

James G. Whitaker, was sworn on the part of the defendant, and testified that he was the agent of St. John, under the power in question, when the bill was excepted ; that St. John had formerly dealt largely in exchange, but was then winding up his business, and doing no new business as broker or otherwise : that the drawer of the bill had no funds in the hands of St. John, nor was St. John indebted to Leavens, the drawer. He further testified, that when the bill was presented to him for acceptance, he refused at first to accept it, and stated to the person who presented it, that he had no instructions from St. John to accept the bill, and that he did not feel authorised to accept it, but told the person who presented it, that he had better leave it until he, Whitaker, could see Leavens, the drawer :—he agreed to leave it until two o'clock, and went away. Witness saw Leavens, who said he would meet the bill at maturity. Witness then accepted it, relying on the assurance of Leavens. Witness further testified, that the bill in question did not grow out of, or relate to the business of the defendant, either as surviving partner of St. John *&* Leavens, or to St. John's individual business, but the bill was for the benefit and advantage of the drawer.

Upon cross-examination, witness proved that St. John & Leavens had been commission merchants and money brokers, and had large dealings with the firm of C. Irby & Co.: that St. John was surviving partner of St. John *&* Leavens, and B. Leavens, the drawer, was surviving

partner of C. Irby & Co.: that after the death of Leavens and Irby, St. John had accepted bills drawn by B. Leavens on him, payable in New York; that witness accepted some for St. John in St. John's presence, and with his assent: that the bills so accepted, were entirely for the benefit of C. Irby & Co., or of Leavens, as surviving partner of C. Irby & Co.

Witness further testified, that he accepted the bill, under the power in question, and believed he was so authorised to do by virtue of said power: that the bill was accepted, when St. John was absent from Mobile, but had an office in Mobile, and about ten days before the maturity of the bill: that he then was, and still is the agent, clerk and book-keeper of St. John: that there were large transactions unsettled between St. John and B. Leavens.

The court charged the jury, that the power produced, did not authorise Whitaker to accept bills: that if the jury were satisfied the bill did not relate to the business of St. John, either as surviving partner of St. John & Leavens, or to his individual business, the defendant was not liable.

The court further charged the jury, that if St. John had paid any bill of exchange, which had been accepted by Whitaker for him, under said power, he was liable on this. To which last charge, defendant excepted.

The errors assigned were—

1. That the court permitted the power of attorney to go to the jury as evidence, without sufficient proof of its execution;

2. That the court charged the jury, that if St. John had paid any bill of exchange, which had been accepted

St. John *vs.* Redmond.

by Whitaker for him, under said power, he was liable on this.

*Dunn,* for plaintiff in error.
*Stewart,* contra.

ORMOND, J.—It is conceded by the counsel for the defendant in error, that the charge of the court may be wrong, but he insists, that as the power of attorney, in virtue of which this bill of exchange was accepted, authorised the acceptance of the bill, this court will not reverse, even if the charge was wrong.

The authority conferred by the power of attorney, is to transact all such business as appertains to, or concerns the plaintiff in his individual capacity, or as the surviving partner of St. John & Leavens, and after specifying the particular acts which may be done, confers a general grant of power, to do all and every act which may be necessary to execute the power conferred.

There can be no doubt, that an attorney in fact cannot bind his principal beyond the power delegated to him, and whether an authority of this description be considered general, as contemplating the execution of a variety of acts, in contradistinction to a special power to do a particular act, the construction must be the same. In either case, the principal is not bound, unless the act done be within the scope of the power. The only question in this case, must be, whether the acceptance of the bill in question, was an act appertaining to the business, or necessary to the settlement of the firm of St. John & Leavens, or concerned the business of St. John individu-

St. John *vs.* Redmond.

ally, for within these limits, the power is circumscribed. If, as appears to be the proof, the bill was accepted for the accommodation of a third person, it was not authorised by the power : the charge of the court, therefore, on this point, was correct.

But in the charge given to the jury, the court erred. The charge is in these words : " that if St. John had paid any bill of exchange, which had been accepted by said Whitaker for him under said power, he was liable on this." The power of attorney expressly authorises the execution of any instrument of writing, if such be necessary to carry into effect, the object of the power, and if any such had been made, to accomplish the design of the power, St. John would doubtless have been responsible for their discharge. But it is inconceivable that the payment by St. John, of a bill drawn or accepted in pursuance to the power of attorney, should subject him to the payment of a bill not drawn in reference to the power, and wholly unauthorised. But although this is the literal meaning of the charge, it was probably given in reference to the evidence of the attorney—that he had accepted bills in the presence of St. John, and with his assent, which were afterwards paid.

An authority to act for another, may be inferred from the conduct of the party, as by paying debts, or recognising acts contracted or entered into by such supposed agent. But where no express authority is proved, authorising the agent to bind the principal in the manner he is sought to be charged, but such authority is presumed from the previous conduct of the party recognising such acts as binding on him, it will be necessary to show

St. John *vs.* Redmond.

that the instrument was taken on the faith of such previous recognition of authority in the agent to bind the principal—(See the authorities to this point, in the note to Chitty on Bills, 35.)

If, therefore, we could understand the charge of the court, as applying to the recognition and payment by St. John, of previous acceptances by Whitaker in his name, and not within the scope of the letter of attorney, it would not necessarily follow, that St. John was liable in this instance, unless the bill was taken on the faith of such previous acceptances by Whitaker having been recognised and paid by St. John.

The power of attorney offered in evidence, was acknowledged by the plaintiff before a notary public, who certified the acknowledgment thereof under his notarial seal, and it was permitted to be read in evidence without further proof, which it is insisted was error. But we are of opinion, that the act of eighteen hundred and three, which authorises notaries public to receive proof or acknowledgments of instruments of this character, and to certify the fact under their notarial seal, was intended to be such a verification as will authorise them to be read in evidence without further proof.

The judgment is therefore reversed, and the cause remanded for further proccedings.