## RIGGS v. ANDREWS & CO.

1. In a suit by an indorsee against his immediate indorser, on a note purporting to be made by G. & B. *in liquidation*, by W. B., it is no defect if the latter words are omitted in the declaration, nor can the note be excluded on the ground that it varies from that declared on.

2. It is unnecessary to fill up a blank indorsement, even when the description in the declaration is that the note was indorsed to the plaintiffs.

3. When a person removes and settles his family at a place different from his former residence, the presumption is that such is also his residence, and the mere fact that he returns to his former place of doing business, is insufficient to warrant the presumption that such is his place of transacting business. This is a matter peculiarly within the knowledge of the defendant, and should be made to appear with certainty.

Writ of Error to the County Court of Dallas.

Assumpsit by Andrews & Co. against Riggs, as the indorser of a promissory note, which, in the indorsement on the writ, is thus set out: "Mobile, 28th April, 1841. Three years after date, we promise to pay to Daniel M. Riggs, Esq. or order, six hundred and eighty-two 16-100 dollars, value received, negotiable and payable at the Bank of Mobile.

"Gayle & Bower, in liquidation,<br>By Wm. Bower."

The declaration describes the note as made by Gayle & Bower.

The defendant appeared, and craved oyer of the writ and indorsement upon it, which being given, he demurred. The Court overruled the demurrer.

He then pleaded several pleas in bar of the action. At the trial, upon the general as well as other issues, the plaintiff gave in evidence the note which is above recited, on which appeared the blank indorsement of the defendant. To the admissibility of this note as evidence, the defendant objected, on the grounds, 1st. That it was variant from the note described in the declaration, being the note of Wm. Bower only, and not the note of Gayle & Bower. 2. That the indorsement was variant from that set out in the declaration, which is there stated as the indorsement of the

defendant to the plaintiffs, and the note in evidence is indorsed in blank only. The objection was overruled, and the note admitted as evidence to the jury. In the discussion of the last mentioned objection, the counsel for the plaintiffs contended that the indorsement in blank was alone sufficient, and also that they had the right then to fill up the indorsement, so as to direct the payment to be made to the plaintiffs, but did not do so, or express their determination or promise, to do it, until after the note and indorsement had been admitted as evidence ; but during the trial they wrote above the name of Riggs the following : " pay the within note to the order of E. L. Andrews & Co."

The plaintiffs also read in evidence a notice of the protest of the said note, purporting to be from a notary public of Mobile, stating that the note had been duly protested by him on the 1st day of May, 1844, and that on the same day he had put notice thereof in the post office, addressed to the defendant at Selma, and also to Cahawba. They also introduced witnesses, who stated that the defendant had resided with his family in the city of Mobile, several years prior to the month of May, 1844, and during that time had exercised the office of cashier of the Planters' and Merchants' Bank of Mobile ; also, that during the latter part of his residence there, he had acted as a commissioner of said Bank for winding up its concerns ; that some time prior to the said month of May, 1844, the defendant's family removed to a place about six miles from the town of Selma, and near the same distance from the town of Cahawba, and that his family had resided at the same place since their removal—the settlement having been purchased by the defendant some years previous to their removal ; that the defendant at the same time came up the river with his family, saying, they would remain at their settlement in Dallas county, but that he was to return immediately to Mobile to attend to his business there ; that afterwards, and before the month of May, 1844, he was several times seen in Dallas county, and that he spent a portion of his time in Mobile ; what portion the witness could not say. There was no other evidence than above stated, that the defendant had changed his place of business, or that his said official duties or employments in Mobile had terminated, or ceased, prior to the month of June, 1844, or that he was absent from Mobile on or about the 1st May of that year. It was also in evidence that since the last mentioned date,

the defendant had been in the habit of receiving letters from and using the post office at Selma, which, as well as that at Cahawba, were the nearest offices to him. There was no other evidence that the defendant had ever received said notice of protest.

On this state of evidence, the Court instructed the jury, that if at the date of said protest, the defendant's family had established their residence at their settlement in Dallas, and the defendant considered that place his home, and if the post office at Selma or Cahawba were the nearest to said residence, the notices so sent as aforesaid were sufficient to charge him, notwithstanding he may have spent the greater portion of his time on business in Mobile.

The defendant asked the Court to instruct the jury, that though the defendant's family, prior to the said protest, may have resided at their said place in Dallas, and though the same may have been regarded as the family residence, and the defendant may have made them occasional visits, and spent a portion of his time at the same place, yet if his place of business and employment aforesaid had not terminated in Mobile, but was continued there by him until after the said month of May, 1844, and the greater portion of his time spent in Mobile, in the exercise of his said employment until after that time, then the notices addressed to him by mail to Dallas as aforesaid, were insufficient to fix his liability. This was refused.

The defendant excepted to the several rulings of the Court, and now assigns the same as error.

R. SAFFOLD, for the plaintiff in error, insisted, 1. The demurrer ought to have been sustained, inasmuch as the note sued on was not described according either to its literal import or its legal effect, as respects the maker or makers thereof. [Nat'l Bank v. Norton, 1 Hill, N. Y. 572 ; Dickerson v. Valpy, 10 B. & C. 128 ; 6 Esp. 18 ; 4 Dana, 375 ; Sanford v. Nickels, 4 John. 224 ; 1 N. & McC. 561 ; 1 McCord, 388 ; 18 Pick. 503.]

2. The demurrer ought also to have been sustained, because the declaration states the note as made by certain persons using the name and style of Gayle & Bower, without shewing what relation they bear to each other generally, or in the particular transaction. Nor does the declaration shew the christian names of the makers of the note, or who composed the company.

3. The Court ought to have excluded the note from the jury,

Riggs v. Andrews & Co.

as the one offered in evidence, in legal effect, was the note of Bower only, and not that of Gayle & Bower, as described.

4. Because the blank indorsement was not filled up when offered in evidence.

5. The charge requested by the defendant should have been given by the Court.

EDWARDS, contra.

GOLDTHWAITE, J.—1. The demurrer to the declaration for the supposed variance from the indorsement on the writ, and the proposition to exclude the note from the jury, present the same question; and we think it was properly decided in the Court below. Whatever may be the authority of one partner to bind the firm after its dissolution, it is certain he may do so, if he has an express authority given for that purpose, and here the *prima facie* intendment is, that the note declared on and offered in evidence, is the note of Gayle & Bower. The addition after the signature of " in liquidation," need not be carried into the declaration, and if omitted is no variance. [Fairchild v. Grand Gulf Bank, 5 Howard Miss. 597.] Indeed, to the immediate indorsee suing his indorser, it makes no difference whatever, whether the previous names are false or genuine, as the *indorsement* is the cause of action, which, when made, is an admission of the genuineness of the previous signatures. [Free v. Hawkins, Holt, 550.]

2. There is nothing in the objection that the indorsement was in blank when the note went to the jury; the note vested as completely by the blank indorsement as it could by any other mode, if the plaintiffs were the owners; and the production of it by them, indorsed in this manner, is *prima facie* evidence of their ownership. [Chitty on Bills, 255; Chewning v. Gatewood, 5 Howard Miss. 552; 2 Miller's Louis. 192.]

3. The charge refused by the Court, was properly so, because the evidence was not such as is assumed by the defendant as the basis for his legal propositions. Thus it did not appear that his place of business and employment in Mobile, had not terminated at the maturity of the bill, or that it was continued there by him until the month of May; nor that the greater portion of his time was spent in Mobile, in the exercise of the employment in which

he had been engaged previous to the removal of his family. After a *prima facie* case of removal was made out by the evidence; as was in this case, by showing the removal and settlement of the defendant's family at a different place from the one where they formerly had resided, it was incumbent on the defendant to show affirmatively, that his place for the transaction of business was continued at Mobile, for the matter was peculiarly within his knowledge, and could be made to appear with certainty and precision. The Court below did not err, therefore, when it refused a charge based upon evidence which, in our judgment, had no tendency to prove, that the defendant, after the removal of his family, continued to transact his ordinary business in another place.

Judgment affirmed.