## SHELTON v. ARMOR, ET AL.

1. An instrument which on its face purports to be under seal, will be considered a deed, though a scrawl is omitted to be made opposite the name.
2. A certificate of probate of a deed which recites, that " W. E. acknowledged his signature to the annexed deed, to W. B., for the purposes therein mentioned," is not sufficient to authorize the registry of the deed, or the reading a certified copy as evidence.

Writ of Error to the Circuit Court of Mobile. Before the Hon. John Bragg.

Trespass to try title to a lot of land in Mobile, by the plaintiff in error against the defendant in error.

Upon the trial, as appears from a bill of exceptions, the plaintiff introduced as a part of his claim of title, a certified copy from the records of the Mobile county court of an instrument from William E. Kennedy to William Ball, dated

29th June, 1820, purporting to convey to him certain land in Mobile. The certificate of probate is as follows: "Personally appeared before me, Edward Hale, Esq., a justice of the quorum, for the county of Mobile, the within named William E. Kennedy, and acknowledged his signature to the annexed deed to William Ball, for the purposes therein mentioned."

The loss of the original was admitted, but the defendants objected to the reception of the paper as a deed from Kennedy to Ball, because it was not sealed, and the acknowledgment insufficient. These objections were sustained, and the plaintiff excepted.

The plaintiff also endeavored to sustain his cause by proof of entry and possession, and proved that Ball entered upon a part of the land mentioned in the deed in 1821, and built a house upon it, and occupied it by his tenants, and claimed the whole under the conveyance, but no part of the lot in controversy was in the actual occupancy of Ball. He also proved a regular chain of conveyances from Ball down to the plaintiff, the conveyance to the latter bearing date 29th October, 1835, but the land embraced in the declaration was never actually occupied or enclosed by Ball, or any other person, until the plaintiff occupied under the lease from Eslava.

The defendants, to prove their title produced a French grant to Madame de Lusser, dated in 1763. That in 1764, she conveyed lands embracing this lot to one Chastaing, which was re-conveyed by Chastaing to her son. The will of Madame Lusser in favor of her son. The death of this son and his devise to his brother. The death of the brother in 1791, and the descent of the property to two sisters. The conveyance of the undivided half of the property to the father of M. D. Eslava, the landlord of defendants, in 1808, by the heirs of one of the sisters. A partition of the property between M. D. Eslava, and the heirs of De Lusser, in 1824, and the allotment of the lands in the declaration to M. D. Eslava in that partition. The death of Eslava, and a partition among his heirs, in 1828. A lease of the property to the plaintiff in 1828, for six years, and the holding the land un-

der that lease. The disclaimers of the plaintiff after the ex-piration of the lease, and the recovery in ejectment, in 1843. That the line of the heirs of Eslava did not touch the line of the land in the actual possession or occupation of Ball, or any one claiming under him, and that the heirs of Eslava occu-pied parts of the land, as did their father. It was proved that the title of Eslava, as assignee of Madame de Lusser had been confirmed by Congress, and a survey made to include the land, before suit brought.

Upon this testimony the court charged the jury, that the defendants had exhibited a better title than the plaintiff, and that he could not recover. To which the plaintiff excepted. These matters he now assigns as error.

P. HAMILTON, for plaintiff in error.

The principal point in .this case is, that an instrument pur-porting to be a deed was offered in evidence by the plaintiff, as a part of his claim of title, and excluded by the court on the ground that it was not under seal, nor properly acknow-ledged before the officer .certifying the acknowledgement.

In this case the deed is expressed upon its face to be under seal, but no scrawl is attached to the name of the grantor. The original deed however was lost, and the plaintiff had no means of proving the deed, except from the record. The proof of the loss of the original instrument was .dispensed with upon the trial.

The instrument was acknowledged by the grantor to have been signed by him as a deed, for the uses and purposes therein mentioned.

It is true, in former times, a seal was regarded as the most solemn act a party could use to evidence his intention to ex-ecute a particular instrument. More recently however, this has been regarded as much more immaterial—first, a scrawl or scratch of the pen was regarded as a sufficient substitute, and now it has been declared by the legislature, that nothing but the signature is necessary.

In our state the acknowledgement before an officer speci-ally authorized, seems to have been for years the principal thing to be looked to, and in this instance every thing essen-tial was acknowledged before such an officer.

In addition is the fact, that there was evidence tending to show, that within about a year after the execution of the deed, the grantee was in possession of a part of the tract, of which that in the deed formed a part, and was conveyed regularly down, &c.

We have nothing but a copy of the original instrument, and it is quite likely that the original deed may have contained a scrawl, which was omitted by the clerk in copying.

As to any defect in the form of the acknowledgment, subsequent statutes have cured all such defects, even supposing that any ever existed.

J. A. CAMPBELL, contra.

The instrument offered in evidence was not good as a sealed instrument. Adkins v. Lee, 1 Ala. Rep. 187; 3 Ala. Rep. 145.

It was not admissible as a copy of a recorded deed under the registry acts. On its face, it was not a deed. 2. The acknowledgment did not conform to the requisites of the statute in force at the time. There is no acknowledgment of sealing or delivery. Toulmin's Dig. 246; Clay's Dig. 153.

It was competent for the defendants below to have resisted the evidence offered in any shape, without supplementary proof. None was offered in this case. The registry acts do not authorize the admission of recorded deeds, unless the acknowledgements conform substantially to the requirements ·of the statutes. Fipps v. McGeehee, 5 Port. 413; 2 Hill & Cowen's Notes, 1243; 2 Lomax Dig. 371.

There was no evidence to increase the force of the paper offered. It was offered simply as a recorded paper. The court passed upon its legal effect as a recorded paper. The facts apparent on the face of the deed, show its insufficiency as such a paper.

If the plaintiff desired to prove that a deed existed, he should have offered additional evidence. The certificate of the justice of the quorum is not evidence for any purpose, unless it was sufficient as a statutory certificate. The certificate that a party had acknowledged the signature to a deed, is not evidence of the " signature." A certificate in

conformity with the statute, authorizes the admission of a deed to record, and gives efficacy to that record as evidence in case of the loss of the original. If the deed was not properly admitted to record, the certificate is without any force as evidence of the facts it contains. See cases above cited.

In this case, the officer himself, or the subscribing witnesses, should have been produced to prove the facts. The insufficient efforts of an officer to do an official act, cannot be received as if those efforts had been effectual.

The title of the defendant was the best. The recovery of the land from Shelton, under the judgment of the supreme court destroyed the effect of all presumptions in favor of possession, supposing Ball to have entered on this lot. Whitney v. Wright, 15 Wend. 171 ; Jackson v. Tuttle, 9 Cowen, 233 ; 6 Ib. 757.

The title produced by the defendants was best, and his possession of this lot was earliest. The constructive possession of lands embraced in two claims, will be regulated by the title. The plaintiff in this suit did not hold adversely to the defendants at any time. Shelton v. Eslava, 6 Ala. R. 230 ; Den ex dem Corson v. Mills, 1 Dev. & B. 546. The first actual possession of the lot was by Shelton, under the title of the defendants. This is the only title derived from the government.

It will be noticed that the paper of Mr. E. Kennedy was actually admitted to go before the jury. Its legal effect as a deed, was only denied. Its legal effect was not strengthened by proof of a continuous, or of any possession under it, of the land in dispute.

CHILTON, J.—The view which we take of this case renders it wholly unnecessary to institute an inquiry into the character of the defendant's title to the lot sued for. Whether he had any title was a question of no importance until the plaintiff had made out such title as would enable him to sustain the action ; for the familiar rule requires, that the plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary.

Did the plaintiff show such title as would authorize a recovery ? All the conveyances which were offered and read

to the jury, could avail him nothing, as these depended for their validity, as respected the transmission of title, upon the deed from William E. Kennedy to Ball, which had been excluded from the jury, and as he never had the actual possession of the lands, nor had any one from whom he claimed ever been so possessed, he was necessarily thrown upon documentary evidence of title. The question then turns upon the exclusion of Kennedy's deed to Ball; for with that deed properly in evidence, we are not prepared to say that the plaintiff would not have made out such a *prima facie* case in connection with his other proof, as to have required the exhibition of a paramount title on the part of defendant. In respect to the first objection made to the admission of the deed, that it was not a sealed instrument. The statute requires the courts to carry out the intention of the parties, by giving the instrument which imports on its face to be under seal, the same effect as though a scrawl had been added. Clay's Dig. 158, § 41. So that the deed could not have been properly excluded on that ground.

The other ground of objection to its admissibility was well taken. The certificate does not comply with the requisitions of the statute, a substantial compliance with which is essential to its validity. This was the decision in Phipps v. McGehee, 5 Porter's Rep. 413, which decision is approved in Brock v. Headen, *supra*, 370. See the authorities collected in Phil. Ev. C. & H's Notes, 874. The certificate in this case merely recites that the grantor appeared and acknowledged the certificate to be his, but whether the deed was by him sealed or delivered, or when he signed it, is not stated, thus omitting every essential requisite of the statute. Dig. 152, § 7. The copy of the record in some cases is proper evidence, in connection with other proof, to establish the contents of a lost instrument, although such record may not have been made upon a valid certificate; as, where it is shown to have been compared with the original, it may be admitted, not as a record, but as a sworn copy of the original. Winn v. Patterson, 9 Peters's Rep. 666. But the copy deed in the case before us was offered as a recorded instrument, aside from all other proof, and as such was clear-

ly inadmissible.   See Blight's Heirs v. Banks, 6 Monroe's Rep. 196 ; Barger v. Miller, 4 Wash. C. C. Rep. 280.

The deed from Kennedy to Ball out of the case, it is manifest Ball had no title to the lot in controversy, which would have enabled him to recover, and could transfer no greater title than he had.   Having shown no documentary evidence of legal title, there could be no constructive possession, and as he never had actual possession of the lot sued for, he is left, so far as the evidence discloses, wholly without title. It is not shown that Ball, in possessing himself of one part of the lot embraced in his deed, intended it as a possession of the whole, but it is said he claimed the lot now sued for, the lines of which do not touch the part he had in actual possession.   Under these circumstances, we are of the opinion that he failed to make out his case, and the instruction of the court below to the jury, was correct.

Judgment affirmed.

DARGAN, J., not sitting.