# Lake-side Land Co. *v.* Dromgoole.

*Action on Promissory Note, by Transferree against Maker.*

| 89 | 505 |
| 96 | 383 |
| 89 | 505 |
| 98 | 262 |
| 89 | 505 |
| 100 | 625 |
| 101 | 294 |
| 89 | 505 |
| 103 | 650 |
| 105 | 451 |
| 89 | 505 |
| 108 | 116 |
| 89 | 505 |
| 121 | 98 |

1. *Who is proper party plaintiff; averment of transfer of note.*—An action on a promissory note, payable at a bank or banking-house, must be brought in the name of the person having the legal title (Code, § 2594); and where the complaint alleges that the note is so payable, an averment that it was "duly transferred" to plaintiff by the payee, does not show that he has the legal title by indorsement.

2. *Plea denying plaintiff's ownership of note sued on.*—In an action by the transferree of a promissory note, a plea denying his legal ownership of the note is not demurrable, for the want of an averment that the note is payable at a bank or banking-house, when that fact is alleged in the complaint.

3. *Demurrer; specification of causes.*—On demurrer to a pleading (Code, § 2690), the court can not consider any defect or objection which is not "distinctly stated in the demurrer."

4. *Indorsement of note in blank.*—The indorsement of a promissory note in blank confers on the indorsee, or any subsequent holder and owner, the right to fill up the blank by inserting his own name; and it is not necessary that this shall be done before the note goes to the jury, his possession and production of it being *prima facie* evidence of his ownership and right to recover.

5. *Statute of frauds; contract for sale of interest in lands.*—The owner of a tract of land proposing to sell undivided interests therein to several purchasers, with a view to the formation of a private corporation, or joint-stock company, and the land being the capital stock, and the sale of lots at a profit being contemplated; a writing signed by the several purchasers, in these words: "We agree to buy an interest in the land described below, . and to pay $125 per acre for the number of acres set opposite to our names; payments to be made," partly in cash, and notes given for the residue, payable at six, twelve and eighteen months;—this shows a sufficient compliance with the statute of frauds (Code, § 1732, subd. 5), as against a purchaser who signed his name, with the number of acres subscribed for, made the cash payment, and gave his notes for the deferred payments; and the statute is not available as a defense to an action on one of the notes, which purports to be given for value received, but does not state the consideration.

[Lake-side Land Co. v. Dromgoole.]

6. *Parol agreement varying writing.*—In an action on a promissory note, which is payable on its face absolutely and unconditionally, parol evidence can not be received of an agreement, prior or contemporaneous, that it should be paid or discharged in a particular way, so long as that agreement is executory ; but, if the agreement has been performed, such performance is a full defense.

7. *Misrepresentations as matter of opinion, or constituting fraud.*—In an action against the maker of a promissory note, given on his purchase of an interest in a tract of land, which the owner and several purchasers proposed to sell out in lots at a profit, after having formed a corporation with the land as capital stock ; a plea averring that the owner of the land, who was the payee of the note, solicited the defendant to purchase an interest, and, as an inducement, represented and agreed that he would sell off land or stock at a profit enough to pay the notes given for the deferred payments, and that payment of the notes should not be called for except by an application of the profits, is not supported by proof that the payee stated, during the negotiations, that he would sell land or stock enough to pay the notes before they became due ; this being the mere expression of an opinion, or expectation, and not constituting a fraud.

APPEAL from the City Court of Birmingham.
Tried before the Hon. H. A. SHARPE.

CUMMING & HIBBARD, for appellant.

J. J. ALTMAN, *contra.*

CLOPTON, J.—This case having been heard and determined by the City Court without the intervention of a jury, the appeal brings for revision the conclusions and judgment of the court on the evidence, as well as the questions of law involved.

The action is brought by appellant, as a corporation, and is founded on two notes, which the complaint avers are payable to the order of F. W. Miller, at the Jefferson County Savings Bank, by whom they were "duly transferred" to plaintiff. Section 2594 of Code of 1886 requires, that suits upon bills of exchange, and promissory notes payable at a bank, or banking-house, or at a designated place of payment, must be instituted in the name of the person having the legal title. It may be conceded that the complaint was subject to demurrer, on the ground, that the averment as to the transfer of the notes does not necessarily imply a transfer in writing, which is essential.—*Ragland v. Wood*, 71 Ala. 145. This, however, was not assigned as a cause of demurrer. Defendant raised the question as to the right of plaintiff to institute the suit in its own name, by plea, averring that plaintiff was not, at the commencement of the suit, the

[Lake-side Land Co. v. Dromgoole.]

legal owner of the notes. Plaintiff demurred to the plea, the only ground of demurrer assigned being, that it does not set out that the notes are payable at a bank, or banking-house, or designated place. As this appears on the face of the complaint, such averment in the plea is not essential. The court was prohibited from considering any other objections to which the plea may be subject; and not being subject to the objection specifically stated, the demurrer was properly overruled.—*Eads v. Murphy*, 52 Ala. 520.

It appears that the notes were indorsed in blank by Miller, the payee, and pledged to the Birmingham National Bank, as collateral security for money loaned him. The bank having been paid, Miller caused the notes to be transferred and delivered, so indorsed in blank, to plaintiff. The blank indorsement conferred on plaintiff, being a *bona fide* holder, the right to fill it up by inserting its own name. Whether it should be filled up before judgment, the authorities do not accord. In this State, the rule may be regarded as settled. It was held, more than forty years ago, that a blank indorsement vests the note in the holder, if the owner, as completely as can be done by any other mode; and that it is unnecessary for the indorsement to be filled up before the note goes to the jury.—*Riggs v. Andrews*, 8 Ala. 628; *Sawyer v. Patterson*, 11 Ala. 523. There has been no departure from this ruling. Filling up the indorsement is regarded as merely formal, and bringing suit on the note manifests the intention of the plaintiff to treat the indorsement in blank as a transfer of the note to him by the indorser.—2 Dan. on Neg. Instr. § 1195. Plaintiff's possession and production of the note, so indorsed, was *prima facie* evidence of ownership, and, in the absence of rebutting proof, showed the right to maintain the action in its own name.

By the second, third and fourth pleas, defendant set up the statute of frauds, failure of consideration, and an offer to set off damages alleged to have been sustained by the breach of a contract between Miller and defendant. The uncontradicted evidence establishes the following facts: Miller, being the owner of four hundred acres of land, proposed to sell certain undivided interests to a number of persons, who should form a company, and become incorporated. Defendant and several other persons purchased each a one-fifth interest. The record contains a copy of an instrument in writing, dated March 1st, 1887, of the following tenor:

"To whom it may concern, be it known, we agree to buy an interest in four hundred acres of land described below," the subdivisions and numbers of the sections, township and range being here named, "and agree to pay one hundred and twenty-five dollars per acre for the number of acres set opposite our names. Payments to be made, to-wit: two-fifths, cash; balance in three equal payments, six, twelve, and eighteen months from date." This instrument was signed by defendant and the other purchasers, the number of acres purchased by each, the amount of the cash payment, and the aggregate amount for which notes were to be given, being set opposite the name of each. The notes on which the action is founded were given for the deferred payment at six months, and bear the same date as the agreement. The company was formed and incorporated under the name of "The Lake-side Land Company," being the plaintiff. Miller conveyed the lands to the corporation, as it was understood and agreed he should do. A short time afterwards, it was discovered that the lands were incumbered by two mortgages made by Miller. An arrangement was thereupon made between plaintiff and Miller, by which he transferred and delivered to plaintiff all the notes given by the purchasers of the land, who were the stockholders in the corporation, which had not been collected by the bank; and plaintiff agreed, in consideration thereof, to assume the payment of the mortgages, and to release Miller from all liability to the company arising out of the sale of the lands to the stockholders, and also from the mortgages. Shortly thereafter, the notes payable twelve and eighteen months were, by direction of the board of directors, surrendered to the makers, defendant receiving and receipting for those given by him. The notes payable at six months were retained by the corporation, and placed in the hands of an attorney for collection.

The requirement of the statute of frauds is, that the contract of sale, or some note or memorandum thereof expressing the consideration, must be in writing, and signed by the party to be charged therewith, or by some other person thereunto lawfully authorized in writing.—Code, § 1732. The form of the writing is immaterial: a note or memorandum is a sufficient compliance, if it sets forth the essential terms of the contract, with such certainty that they may be understood from the writing itself.—*Carter v. Shorter,* 57 Ala. 253. The contract of sale states the property sold,

[Lake-side Land Co. v. Dromgoole.]

the price at which it was sold, and the terms of sale, and is signed by defendant; and in connection with the notes for the deferred payments, contemporaneously executed, takes the contract out of the operation of the statute of frauds. It is also evident, that the notes are supported by a valid and valuable consideration.

The fourth plea, after setting out the facts of the purchase and formation of the company, avers that Miller solicited defendant to become a purchaser of an undivided one-fortieth interest, and, as an inducement to make the purchase, undertook and agreed with defendant that he would sell enough of the land or stock of the company at such profit as would be sufficient to pay off the notes of defendant, as they matured, and that he should not be called on for payment of the notes in any other manner than by the application of such profits; and that Miller failed to perform the agreement, whereby defendant has sustained damages, which he offers to set off.

The real defense set up is, a prior or contemporaneous agreement that the notes should be paid from the profits to be realized from sales of land or stock—from particular funds, or particular sources—and that defendant should not be required to pay them personally; a collateral undertaking, the breach of which is relied on as a bar to a recovery on the notes. If land or stock had been sold at profits sufficient to pay the notes, and the collateral agreement had been executed, this would have constituted a full defense to the action. The notes are absolute and unconditional obligations to pay money on the day specified. The effect of the undertaking and agreement set forth· in the plea is to make the payment of the notes conditional on the happening of a future and uncertain event. The stipulation, being verbal, and previous and contemporaneous, is presumed to be merged in the written contract. Oral evidence is inadmissible, as between the parties, to add to, alter or contradict the writing; especially when the stipulation is a material term of a contract of sale of land, which the statute requires to be in writing. The collateral engagement, not having been executed, is no defense to the action.—*McNair v. Cooper*, 4 Ala. 660.

Moreover, the evidence introduced by defendant in support of the plea, fails to establish an undertaking and agreement such as is set forth therein. The entire evidence is, that Miller said to defendant, during the negotiations for the

sale, that he would sell enough land or stock to pay his notes before they became due. There is no evidence tending to show a stipulation that the notes should be paid from the profits, and that the defendant should not be called on to pay them in any other manner. The statement, as proved, is the mere expression of an opinion, or expectation. The defense is not based on the claim, that Miller knew that the expectation could not be realized, or that defendant was thereby induced to make the purchase, or was misled. So far as appears, he had equal knowledge and opportunity to judge of the feasibility of selling land or stock at such profit.—*East v. Worthington*, 7 So. Rep. 189; 88 Ala. 537.

Our conclusion on the evidence is, that plaintiff is entitled to recover. The notes contain a waiver of exemptions. The result is, the judgment of the City Court is reversed, and judgment is rendered against defendant for the sum of $312.20; and against this judgment, and the execution to be issued thereon, there is no exemption of personal property.

Reversed and rendered.