[Carter, Dunbar & Co. v. Lehman, Durr & Co.]  ·

# Carter, Dunbar & Co. *v.* Lehman, Durr & Co.

## *Trover for Conversion of ·Promissory Note.*

1. *Transfer of note as collateral security; indorsement in blank.*—The delivery and transfer of a note as collateral security, indorsed in blank, passes to the transferree such interest and title as will support an action of trover·against a third person, who, having actual or constructive notice of the transfer, afterwards purchases the note from the transferror, and collects it.

2. *Same; constructive notice; authority of agent to collect.*—If the collateral holder returns the note to the transferror, without filling up the blank indorsement to himself, authorizing the transferror to collect and remit the proceeds, this does not authorize the latter to use the note in payment of his individual indebtedness to another person; and his individual creditor being informed, before accepting the note, of the fact of its transfer as collateral security, is chargeable with constructive notice of the terms of the transfer and the rights of the transferree, of whom he should have made inquiry, or some third person, before buying on the faith of the transferror's statements.

3. *Same; estoppel in pais as between innocent sufferers from wrongful act of third person.*—As between two innocent sufferers from the wrongful act of a third person, he must bear the loss who gave the wrongdoer the opportunity to perpetrate it; but the principle can not be invoked by a person who is chargeable with constructive notice of the rights of the other, and yet fails to make inquiry.

[Carter, Dunbar & Co. v. Lehman, Durr & Co.]

APPEAL from the City Court of Decatur.

Tried before the Hon. J. M. BUFORD, as special judge.

This action was brought by Lehman, Durr & Co., suing as partners, against Carter, Dunbar & Co., another partnership, to recover damages for the alleged conversion of a promissory note; and was commenced in the Circuit Court of Morgan county, on the 8th January, 1889, and transferred to the City Court of Decatur by consent. The note alleged to have been converted was for $200, executed by S. H. Morris, payable to J. H. Corsbie or order, on November 15th, 1887, indorsed by Corsbie to W. B. Wilhite, who indorsed and transferred it to Wiggins, Vest & Co., under whom each of the parties to the suit claimed. The plaintiffs claimed the note under delivery and transfer to them, as collateral security, by Wiggins, Vest & Co., to whom Wilhite had indorsed it; and the defendants under acceptance and purchase from Wiggins, Vest & Co., after plaintiffs had returned the note to them for collection. The material facts are stated in the opinion. The court below rendered judgment for the plaintiffs, and its judgment is here assigned as error.

WERT & SPEAKE, for appellants.

KYLE & SKEGGS, *contra.*

CLOPTON, J.—The undisputed facts are: Wiggins, Vest & Co., being indebted to Lehman, Durr & Co., the plaintiffs, transferred and delivered to them several notes on various persons, as collateral security for such indebtedness. Among the papers thus delivered was the note for the conversion of which this suit is brought. At the time of delivery, it was indorsed in blank by Wiggins, Vest & Co., having been so indorsed by the payee to Wilhite, and by Wilhite to them. While the note was in possession of plaintiffs, defendants called upon Wiggins, Vest & Co., for the settlement of a claim which they held against the latter, who proposed to turn over in settlement of the demand certain notes, the note in question being one. Not being able to produce this note, they informed defendants, who accepted their proposition, that plaintiffs held it as collateral security, but they had telegraphed for it, and would get it the next morning. Upon defendants inquiring in what shape the note was, whether it was plaintiffs', or did Wiggins, Vest & Co. have a right to demand it, they were told that the latter had an arrangement with plaintiffs, by which they could get it when they called for it, and that it belonged to Wiggins, Vest & Co. In response to the telegram, plain-

[Carter, Dunbar & Co. v. Lehman, Durr & Co.]

tiffs sent the note in a letter, in which was also inclosed a receipt for this and other notes held by plaintiffs as collateral security, stating that they were received for collection, and that Wiggins, Vest & Co. were to remit all moneys collected, and forward all cotton or other produce received on account of the notes. The receipt was signed by Wiggins, Vest & Co., and returned to plaintiffs. Without making further inquiry, defendants received the note, indorsed to them, from Wiggins, Vest & Co., and collected the same without knowledge of the contents of the telegram, the letter or the receipt. We have stated the facts thus fully, because we are required by the act creating the City Court, when a case is tried without a jury, to review the conclusion and judgment on the evidence, without any presumption in favor of the ruling of the court.

The delivery of the note to plaintiffs, indorsed in blank, by Wiggins, Vest & Co., passed the interest and property therein to them. They had title and possession sufficient to support the action of trover, of which they were not divested by sending it to the persons from whom they received it as collateral security, for collection, as their agents.—*Riggs v. Andrews*, 8 Ala. 628; *Blackman v. Lehman, Durr & Co.*, 63 Ala. 547. Wiggins, Vest & Co., being agents to collect the note, were not authorized to make any other disposition of it; certainly not to trade it in payment of their own debt.—*Ferguson v. Morris*, 67 Ala. 389. But it may be said, that by returning the paper to Wiggins, Vest & Co., without filling up the blank indorsement in their own names, plaintiffs clothed them with apparent title and authority to dispose of the note, and, having given occasion to the commission of the wrong, must be the sufferer. Whether, if defendants had purchased under such circumstances, without notice, they would have been protected against the prior title and claim of plaintiffs, it is unnecessary to decide. They had actual notice, or at least were informed of facts which ought to have put them on inquiry, and which impute notice. They were informed by Wiggins, Vest & Co. that plaintiffs had possession of the note, and held it as collateral security. This information constituted actual notice. Having actual notice of an outstanding, conflicting claim, they were not warranted in relying and acting upon Wiggins, Vest & Co.'s explanatory or contradictory statements. They were dealing with them as the owners of the note, whose interest it was to misrepresent or conceal the facts. Information that plaintiffs held the note as collateral security, coming from Wiggins, Vest & Co., who were thus interested, was sufficient to put defendants upon inquiry as to the truth of their qualifying and contradictory statements. They should have made inquiry as

VOL. XC.

to the nature and character of the arrangement between Wiggins, Vest & Co. and plaintiffs, of those not interested in misleading them. The defendants were at fault, and must suffer the consequences.—2 Pom. Eq. Jur. § 601; *Simpson & Hall v. Hinson*, 7 So. Rep. 264; 88 Ala. 527.

On the undisputed facts, the judgment of the court is correct. Affirmed.