# The Bank of Piedmont v. Smith.

### Action on Promissory Note.

1. *Complaint on promissory note as the property of plaintiff; legal title not in issue.*—Where the complaint, in an action on a promissory note by one other than the payee, avers merely that the note sued on is the property of the plaintiff, and de-

[The Bank of Piedmont v. Smith.]

fendant denies by sworn plea that it is the property of plaintiff, only the beneficial ownership, and not the legal title to the note is presented by the issue; and it appearing that the note was indorsed to plaintiff in blank, and by him delivered to, and still held by another, as collateral security for plaintiff's debt, he cannot recover.

APPEAL from Anniston City Court.

Tried before Hon. JAMES W. LAPSLEY.

The note sued on, or one of the two similar notes, is as follows: "$166.66. Piedmont, Ala., Jan'y 6, 1890. Two years after date we promise to pay to the Piedmont Land and Improvement Company, or order, at its office in Piedmont, one hundred and sixty-six and 66-100 dollars, with interest from date, being the final installment of purchase money for lot number 28, in Block No. 20, in Piedmont, Ala. [Signed] A. L. Smith, Wm. Petry." The case made by the pleadings, and the evidence as to ownership of the notes, is stated in the opinion.

D. C. BLACKWELL and JOHN B. KNOX, for appellant, cited, *Alabama Iron & Steel Co. v. McKeever,* 20 So. 84; *Elwell v. Dodge,* 33 Barb. 336; *Bibb v. Hall,* 101 Ala. 79; 1 Ran. on Com. Paper, 217; *Berney v. Steiner,* 19 So. Rep. 806; *Mudge v. Treat,* 57 Ala. 1; *Ex parte Pearce,* 80 Ala. 195; *Crescent Brewing Co. v. Handley,* 90 Ala. 486; 1 Chitty on Pleading, p. 688 (16th Am. Ed.).

MATTHEWS & WHITESIDE, *contra,* cited, 19 Am. & Eng. Encyc. of Law, 284, 285; 2 Abbott's Law Dictionary, p. 337; 2 Rand. on Com. Paper, 774-6; *Wayrhem v. Bend,* 1 Comp. 175; *Hays v. Hathorn,* 74 N. Y. 486; *Herwick v. Swomley,* 56 Md. 439; Jones on Pledges, 669, note 6; *Carter v. Lehman,* 90 Ala. 128; *McNutt v. King,* 59 Ala. 597; *National Bank v. Hubbell,* 117 N. Y. 384; 2 Rand Com. Paper, 436, note 5; Code of 1886, §2594; *Jarrell v. Lillie,* 40 Ala. 271; *Cobbs v. Bryant,* 86 Ala. 316; Tiedeman on Com. Paper, 266; *Leland v. Parrott,* 35 Iowa, 454.

COLEMAN, J.—The declaration indicates that the cause of action is a simple promissory note. It describes the note as payable to the Piedmont Land and Improve-

ment Company, and avers that it is the property of the plaintiff. It is nowhere averred that the note was endorsed or assigned by the payee. The defendant, by sworn plea, denied that the note sued upon was the property of the plaintiff at the commencement of the suit. Issue was joined upon the plea, and the cause tried by the court without the intervention of a jury. The court found the issue for the defendant, and rendered judgment accordingly. The statute which prescribes that certain actions must be prosecuted in the name of the party really interested, whether he has the legal title or not, expressly excepts notes payable at a designated place, and provides that action upon such instruments must be instituted in the name of the person having the legal title.—Code of 1896, §28. The issue raised by the pleadings did not raise the question as to whether the legal title was in the plaintiff, but whether the note was the property of the plaintiff. The uncontroverted facts are, that the payee of the note endorsed it in blank, and that it was delivered to the plaintiff in payment of a debt. The note thereby became the property of the plaintiff. Subsequently the plaintiff, while thus holding and owning the note, delivered it to the Iron Belt Mercantile Company as collateral security, to secure a debt owing by the plaintiff bank to said Iron Belt Mercantile Company, that the debt for which the note sued upon was held as collateral, had not been paid, that the Iron Belt Mercantile Company had not "retransferred" the note to plaintiff, nor "had it released its claim on the note sued on as collateral." These are the uncontroverted facts. We find no escape from the conclusion reached by the trial court that the note was not the property of the plaintiff.

Affirmed.