(83 South. 338)

DAWSEY et al. v. KIRVEN. (3 Div. 408.)

(Supreme Court of Alabama. June 12, 1919. On Rehearing, Oct. 30, 1919.)

1. BILLS AND NOTES ⊂⊃496(3)—PLAINTIFF'S BURDEN OF PROOF TO SHOW OWNERSHIP OF NOTES SUED ON.

Where notes sued on are negotiable on their face, are indorsed in blank by the payee, and plaintiff is shown by indisputable evidence to be the holder thereof for value, the burden placed on plaintiff by a sworn plea denying his ownership thereof is overcome.

2. BILLS AND NOTES ⊂⊃524—PRIMA FACIE EVIDENCE OF OWNERSHIP OF NOTES SUED ON.

Possession of a note sued on by plaintiff and its production at the trial, it being indorsed in blank by the payee, is prima facie evidence of ownership.

3. BILLS AND NOTES ⊂⊃443(1)—LEGAL TITLE AND NOT BENEFICIAL INTEREST AS CONTROLLING PARTIES IN SUITS ON NOTES.

The legal title of negotiable paper, and not the beneficial interest therein, controls as to the proper parties plaintiff in a suit for collection of the paper.

4. BILLS AND NOTES ⊂⊃443(1)—RIGHT OF LEGAL TITLE HOLDER TO PROCEEDS OF JUDGMENT AS DEFENSE IN ACTION ON NOTE.

That the holder of the legal title of negotiable paper is not entitled to the proceeds of the judgment constitutes no defense to the makers in an action of the holder against them.

5. JUDGMENT ⊂⊃698—JUDGMENT IN ACTION ON NOTE AS BAR TO OTHER ACTIONS.

Where the prima facie owner of negotiable paper sues thereon and recovers judgment, such judgment is a complete bar to an action by any other party to the notes, regardless of who is entitled to the proceeds when collected.

6. BILLS AND NOTES ⊂⊃188—RIGHT OF HOLDER TO FILL IN INDORSEMENTS.

The holder of paper indorsed in blank may fill in the indorsement so as to vest himself with the legal title, but not so as to change liability of indorsement.

7. BILLS AND NOTES ⊂⊃188—BLANK INDORSEMENT AS VESTING TITLE IN HOLDER OF NOTE.

A blank indorsement vests title in the holder of a note as completely as any other mode, and it need not be filled up before going to the jury.

8. TROVER AND CONVERSION ⊂⊃16—DELIVERY AND TRANSFER OF NOTE IN BLANK AS CONFERRING TITLE SUFFICIENT TO SUPPORT TROVER.

A delivery and transfer of a note transferred in blank passes such title as will support trover against the party who purchases the note from the transferor.

On Rehearing.

9. STATUTES ⊂⊃225¾—READOPTION OF STATUTES PREVIOUSLY CONSTRUED.

Where statutes have been construed by a former decision of the Supreme Court, and such statutes have been readopted with that construction on them, such construction will not be departed from.

10. APPEAL AND ERROR ⊂⊃1050(1)—PREJUDICIAL ERROR IN ADMISSION OF POWER OF ATTORNEY IN EVIDENCE.

In an action on notes tried on the theory that the notes were nonnegotiable, admission of a power of attorney by which plaintiff

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

showed his right to sue was prejudicial error, where the power was not properly executed.

**11. ACKNOWLEDGMENT ☞57—ADMISSIBILITY OF EVIDENCE OF POWER OF ATTORNEY IN ACTION ON NOTE.**

In an action on a note, a power of attorney, acknowledged before a notary in another state, was inadmissible where the notary did not certify that the seal thereon was his official seal.

**12. ACKNOWLEDGMENT ☞33—NECESSITY OF NOTARIAL SEAL ON CERTIFICATE.**

A notarial seal is not necessary to authenticate the certificate of acknowledgment of an Alabama notary.

**13. NOTARIES ☞8—SEAL.**

At common law a notary was simply a commercial officer, and his official acts were known only by his official seal.

**14. SEALS ☞3—NECESSITY OF SCROLL ON INSTRUMENT PURPORTING TO BE UNDER SEAL.**

An instrument which on its face purports to be under seal will be so considered, though there is no scroll opposite the signature.

**15. SEALS ☞3—INSTRUMENTS UNDER SEAL.**

An instrument signed between several parties, preceded by the words, "Given under our hands and seals," followed by the seal after name of party, is a sealed instrument.

**16. SEALS ☞3—SUFFICIENCY OF SEAL TO CONSTITUTE INSTRUMENT UNDER SEAL.**

Merely affixing a clause or scroll containing the word "Seal" or the letters "L. S." after the name of a subscriber to the instrument does not constitute a seal, since the purpose to seal it should be declared in the body of the instrument, nor is such an instrument a writing under seal.

**17. ACKNOWLEDGMENT ☞33 — PURPOSE TO AFFIX SEAL MUST APPEAR ON CERTIFICATE.**

In affixing his seal, the purpose of the notary to affix must appear in his certificate, notwithstanding that the scroll or impression be made on the instrument.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Action by Miriam N. Kirven against S. C. Dawsey and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded on rehearing.

William F. Thetford, Jr., of Montgomery, for appellants. The certificate of a foreign notary must be authenticated by his seal. Ala. National Bank v. Chattanooga Door & Sash Co., 106 Ala. 663, 18 South. 74.

Such a certificate must recite the seal. Wetmore v. Laird, 5 Biss. 160, Fed. Cas. No. 17467.

In other states the seal need not be recited in the body of the instrument. 25 Am. & Eng. Enc. of Law, 75 and 76.

The rule is different in Alabama, North Carolina, and Virginia. Lee v. Adkins, Min-or (Ala.) 187; Carter v. Penn, 4 Ala. 140; Moore v. Leseur, 18 Ala. 606; Blackwell v. Hamilton, 47 Ala. 470; Breitling v. Marx, 123 Ala. 222, 26 South. 203; Ingram v. Hall, 1 Hayw. (2 N. C.) 193; Baird v. Blaigrove, 1 Wash. (Va.) 170; Austin's Adm'x v. Whitlock's Ex'rs, 1 Munf. (Va.) 487, 4 Am. Dec. 550; Bradley Salt Co. v. Norfolk Co., 95 Va. 461, 28 S. E. 567.

Powers of attorney are construed strictly. Brantley v. Southern Life Insurance Co., 53 Ala. 554.

The maker of a note can question the validity of an alleged transfer of the note. Walker v. Winn, 142 Ala. 560, 39 South. 12, 110 Am. St. Rep. 50, 4 Ann. Cas. 537.

Ball & Beckwith, of Montgomery, for appellee. On the question of the seal counsel cite Code 1907, §§ 5167, 3363, 3356, 3361, 4161; also Dunn v. Adams, 1 Ala. 527, 35 Am. Dec. 42; St. John v. Redmond, 9 Port. (Ala.) 428; Hart v. Ross, 57 Ala. 518; Bradley v. Bank, 60 Ala. 252; Goree v. Wadsworth, 91 Ala. 416, 8 South. 712; 107 Ala. 496, 18 South. 175; 132 Ala. 354, 31 South. 464; 106 U. S. 546, 1 Sup. Ct. 418, 27 L. Ed. 254; 2 Elliott on Evidence, §§ 54, 1376, 1383. The mere affixing of a seal, without any recital, is sufficient. 1 Cyc. 575, 614; 29 Cyc. 1096; 61 Tex. 677; 57 Mo. 110; 10 Mich. 415.

MAYFIELD, J. This is an action by appellee, the holder of negotiable promissory notes, against appellants, the makers thereof.

Defendants pleaded the general issue and a special sworn plea denying plaintiff's ownership of the notes. The case was tried by the court without a jury, and resulted in judgment for the plaintiff, from which judgment defendants prosecute this appeal.

The error assigned and most earnestly insisted upon to reverse the judgment is the admission in evidence of a power of attorney purporting to have been executed by one Mrs. M. F. Clements to one F. D. Kirven, the husband of plaintiff, authorizing him, as her agent and attorney, to make loans, collect moneys, satisfy mortgages of record, to assign and indorse notes, mortgages, etc. The main ground of the objection to the introduction of the power of attorney in evidence is that the notary's certificate of acknowledgment of the execution of the power of attorney was not authenticated by the notarial seal of the officer, he being an officer of another state, to wit, Georgia, and the acknowledgment and certificate being made in that state.

The view we take of the case renders it wholly unnecessary for us to decide this question, which is not free from doubt, as is shown by the argument and able briefs of counsel. The question evokes some ancient and technical learning on the subject of the object, purpose, effect, and requisites of pri-

vate and public seals, scrolls, etc. It is unnecessary to decide whether or not there was *error in the admission of this power* of attorney, bills of sale, and acts of the attorney thereunder, for the reason, if error, it affirmatively appears that it was without possible injury to the appellants.

[1] The notes sued on were on their face negotiable paper, and were indorsed in blank by the payee, and plaintiff was shown by indisputable evidence to be the holder thereof for value. This, under a long line of decisions of this court, was sufficient to overcome the burden placed on the plaintiff by the sworn plea denying plaintiff's ownership thereof. So, if the power of attorney and all acts of the agent or attorney purporting to be done thereunder were excluded, the plaintiff would undoubtedly have been entitled to recover.

[2] It has been held by this court since the case of Riggs v. Andrews, 8 Ala. 628, and probably before that, that a blank indorsement of a note prima facie vests the title in the holder thereof as completely as can be done by another mode. The possession of the note by plaintiff and its production at the trial, it being indorsed in blank by the payee, is prima facie evidence of ownership. Sawyer v. Patterson, 11 Ala. 523; Lakeside Land Co. v. Dromgoole, 89 Ala. 505, 7 South. 444; Berney v. Steiner Bros., 108 Ala. 111, 19 South. 806, 54 Am. St. Rep. 144.

[3, 4] The notes being negotiable paper, the legal title thereto, and not the beneficial interest therein, controls as to proper parties plaintiff in suits for the collection of the notes. The fact, if it was made to appear (which is not done here), that the holder of the legal title is not entitled to the proceeds of the judgment, is no defense to the makers in an action by the holder against them. Hanna v. Ingram, 93 Ala. 483, 9 South. 621; Berney v. Steiner Bros., 108 Ala. 116, 19 South. 806, 54 Am. St. Rep. 144.

[5] The plaintiff being the proper party to bring the action, and being prima facie the owner thereof, it is no concern of the defendants as to who is entitled to the proceeds of these notes when collected. Defendants would have been protected if they had voluntarily paid the amount to the plaintiff, she being the holder of the notes, and they being indorsed in blank by the payee, and, of course, this judgment is and will be a complete bar to any other action by any other party or parties on these notes; and hence the questions as to whether plaintiff paid full value therefor or nothing, so far as any defense was attempted here to be set up to the notes, are of no concern to these defendants.

Notes like the ones here sued on may be and are often indorsed to banks, or other agents or agencies, merely for the purpose of collection, and in such cases, and those like the one now under consideration, it is of no concern to the defendants, or makers, to whom the proceeds will ultimately be paid.

[6-8] Aside from evidence to which any objection was interposed, the plaintiff was indubitably entitled to recover. The following propositions are well settled, and control the decision as to plaintiff's ownership of the notes sued on: The holder of paper indorsed in blank may fill in the indorsement so as to vest himself with the legal title, but not so as to change liability of indorser. Hood v. Robbins, 98 Ala. 487, 13 South. 574; Land Co. v. Dromgoole, 89 Ala. 505, 7 South. 444. A blank indorsement vests title in the holder of a note as completely as any other mode, and it need not be filled up before going to the jury. Riggs v. Andrews, 8 Ala. 628; Sawyer v. Patterson, 11 Ala. 523; Berney v. Steiner Bros., 108 Ala. 116, 19 South. 806, 54 Am. St. Rep. 144. A delivery and transfer of a note transferred in blank possesses such title as will support trover against a party who purchases the note from the transferor. Carter v. Lehman-Durr & Co., 90 Ala. 126, 7 South. 735.

It results that the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

### On Rehearing.

MAYFIELD, J. On this hearing we have reached the conclusion that we were in error on the original hearing in holding that it was error without injury in admitting the power of attorney in evidence, for the reason that the ownership of the note was proven without dispute by other evidence. We are led to the present conclusion by the opinion and decision in the case of Piedmont v. Smith, 119 Ala. 57, 24 South. 589.

[9, 10] The record and questions in that case were very similiar to the record and questions in this case. They are as near alike as you would expect to find records and questions in different cases; and we feel constrained to hold as was held in that case. In fact, that case, in a sense, construed statutes of this state as to pleadings and practice in such cases, and those statutes have been readopted with that construction on them, and we do not feel at liberty to depart therefrom.

The fault of our original holding was that the pleadings did not raise the question as to legal title of the negotiable notes in question, but only the question as to the plaintiff's ownership. While the paper was negotiable and was indorsed in blank, it was not sued on as such. The record shows that the trial was had as if it had been an action on nonnegotiable, and not commercial paper, and hence the rules we announced should not be ap-

plied to the case under the issues on which the trial was had. A failure to observe this led the writer of the opinion into the error. He desires to say, however, the fault was his, and not that of the attorneys or other Justices concurring.

[11] It results, therefore, that the power of attorney was competent and important evidence under the issues on which the case was tried; and, if error to admit it in evidence, the error must work a reversal.

It is insisted that, the power of attorney being executed in the state of Georgia, it was not self-proving. The execution of the power of attorney purports to be under the seal of the grantor, and purports to be acknowledged before a notary in the state of Georgia; and a notarial seal or scroll appears on the instrument. But the acknowledgment of the notary does not refer to the seal, nor does he certify that it was given "under his seal," official or otherwise, but only that it was given under "his hand." The question therefore is presented: Was the execution of the instrument sufficiently proven by the acknowledgment of a foreign notary under his official seal? In other words, was the acknowledgment before a notary properly and legally authenticated by his official seal? While there is on the instrument what purports to be a seal, the notary does not certify that it is his official seal, and makes no reference whatever to it either in the body of the certificate or in the jurat thereof, but the certificate purports to be under "his hand" only, but not under "his seal."

Under our decisions we feel compelled to hold that the power of attorney was not self-proving. The notary's certificate was not attested by his official seal. While this court has repeatedly held that instruments the execution of which were acknowledged before foreign notaries, whose certificates of acknowledgment were attested by official seals, were self-proving, yet we have never held that affixing a mere scroll or wafer, purporting to be a seal, without any reference thereto by the officer in the body of his certificate, or in the jurat thereof, was sufficient authentication to make it self-proving. See Hart v. Ross, 57 Ala. 520; Ala. Co. v. Chattanooga Co., 106 Ala. 663, 18 South. 74; Gorree v. Wadsworth, 91 Ala. 416, 8 South. 712; Hill v. Norris, 2 Ala. 640; Toulmin v. Austin, 5 Stew. & P. 410.

[12-16] The case of Wetmore v. Laird, 5 Biss. 160, Fed. Cas. No. 17,467, is in point,

203 Ala.—29

and supports our holding, and we believe the reasoning thereof to be sound. We have a line of cases somewhat similar as to what is sufficient to make the execution of a given instrument under seal or not under seal. The following is a synopsis of the holdings of this court as to private seals and what is necessary to make the instrument a sealed or unsealed one: A notarial seal is not necessary to authenticate the certificate of acknowledgment of an Alabama notary. Harrison v. Simons, 55 Ala. 510. But at common law a notary was simply a commercial officer, and his official acts were known only by his official seals. Dunn v. Adams, 1 Ala. 527, 35 Am. Dec. 42; St. John v. Redmond, 9 Port. 428. An instrument which on its face purports to be under seal will be so considered though there is no scroll opposite the signature. Shelton. v. Armor, 13 Ala. 647. An instrument signed between several parties, preceded by the words, "Given under our hands and seals," followed by the seal after name of party, is a sealed instrument. Hatch. v. Crawford, 2 Port. 54. Merely suffixing a clause containing the word "Seal" or the letters "L. S." after the name of a subscriber to the instrument does not constitute a seal; the purpose to seal it should be declared in the body of the instrument. Breitling v. Marx, 123 Ala. 222, 26 South. 203. The mere suffixing a scroll containing the word "Seal" or the letters "L. S." to the name of the subscriber does not make it a writing under seal. Carter v. Penn, 4 Ala. 140; Blackwell v. Hamilton, 47 Ala. 470; Id.

[17] We therefore hold that the purpose of the notary to affix his seal must appear in his certificate; otherwise the scroll or impression purporting to be a seal may have been placed on the document by another, and without the knowledge or official act of the notary. In other words, we, or the trial court, are not authoritatively informed that the certificate of acknowledgment of the foreign notary was by him authenticated by his official seal. There is no certificate that the scroll or impression is or was his official seal, or that it was so affixed or made by him as such notary.

It therefore results that it was error to admit the power of attorney in evidence, and the judgment below should be reversed. The application for rehearing is therefore granted, the judgment of affirmance set aside, and one of reversal rendered.

Application granted. Reversed and remanded.