[East v. Worthington & Co ]
For the error pointed out, the decree of the Chancery Court is reversed, and the cause remanded.


# East v. Worthington & Co.

*Action for Damages on ground of Fraud and Deceit.*

1. *When action lies.*—An action does not lie to recover damages on account of defendant's false representations, whereby plaintiff was induced to undertake the grading of a certain portion of railroad, which greatly exceeded defendant's representations; as, that it "contained 5,000 cubic yards of *borrow*, and 10,000 cubic yards of *waste*," whereas it contained in fact "34,000 cubic yards of *borrow*, and 18,000 cubic yards of *waste*;" there being no averment that defendant was an expert, nor that he had any better information on the subject than the plaintiff.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. JAS. B. HEAD.
This action was brought by D. W. East, against J. W. Worthington & Co., as a partnership, to recover damages for an alleged fraud or deceit, whereby plaintiff was induced to undertake the grading on a portion of a certain railroad, at a grossly inadequate price. The court sustained a demurrer to the complaint, and this ruling is assigned as error.

SMITH & LOWE, for appellant, cited Bigelow on Fraud, 474; *Prichett v. Munroe*, 22 Ala. 502.

SOMERVILLE, J.—The plaintiff entered into an agreement with the defendants, for a valuable consideration, to do a portion of the grading of a certain railroad in this State. The complaint alleges that the defendants falsely represented to the plaintiff, that this grading, thus undertaken, "contained 5,000 cubic yards of *borrow*, and 10,000 cubic yards of *waste*;" whereas there were, in truth and fact, embraced in said grading "34,000 cubic yards of *borrow*, and 18,000 cubic yards of *waste*." It is averred further, that the plaintiff believed these representations to be true, and acted on them, and that defendants had the means of ascertaining that such representations were false. On this state of facts, the plaintiff brings this action of damages for deceit.

It is our judgment that the representations in question, *prima facie*, related to a matter which rested in mere opin-

[Smith v. Georgia Pacific Railway Company.]

ion, or estimate. It does not appear that the plaintiff did not have equal means of knowledge on the subject with the defendants, or that by the exercise of reasonable diligence he could not have ascertained the truth. We are to presume, in the absence of averment, or proof to the contrary, that the contracting parties were in a position of perfect equality to judge of the matter represented, it not appearing that the defendants spoke as experts. The plaintiff had no right to rely upon such an expression of opinion, nor to regard it as the affirmation of a fact. The expression of an opinion, to be the ground of action, must be shown to be knowingly false, made with intent to deceive, and to have been relied on by the deceived party as true.

The case at bar scarcely differs in principle from the old case of *Baily v. Merrell,* 3 Bulstrode, 94, decided by the King's Bench prior to 1656, which was an action of deceit. The plaintiff was a common carrier of goods, and bargained with the defendant to carry for hire a quantity of wood, at the rate of two shillings for every hundred weight. The defendant being asked by the plaintiff, how many hundred weight it contained, said it was about 800 ℔s. weight. Relying upon this statement, the plaintiff caused the wood to be put in his cart, and by reason of the over-weight killed two of his horses. He afterwards weighed the wood, and found it to be 2,000 ℔s. weight. It was held that no action would lie for deceit on such representation by the defendant.

If we permitted the present action to lie, it would be extremely hazardous for tradesmen to venture on estimates of quantity, without great caution in the use of words.

The demurrer to the complaint was properly sustained, and the judgment is affirmed.