# Bell *v.* Tyson.

*Special Action on the Case for Conversion of Cotton.*

1. *Notice of unrecorded mortgage; when purchaser is not chargeable with.*—A purchaser of cotton, or other crops, is not chargeable with notice of an unrecorded mortgage on them, given to secure the payment of the purchase-money for the land, because he has knowledge of the existence of the debt for the unpaid purchase-money.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This action was brought by Vincent H. Bell, against John A. Tyson and T. P. Lightfoot, to recover damages for the defendants' conversion of certain bales of cotton, on which the plaintiff claimed to have a lien, of which lien he alleged that the defendants had notice when they received and sold the cotton; and was commenced on 6th October, 1881. The cotton was grown during the year 1880, by L. F. Martin and others, on lands which they had purchased from the plaintiff, in December, 1879. By the terms of said contract, the agreed price of the land was seventy-five bales of cotton, payable in equal annual installments, on the 1st November, 1880, 1881, 1882, and 1883, respectively; for which the purchasers gave their joint written obligations, each for the delivery of 9,375 lbs. of lint cotton on the days specified, and each containing an indorsement in these words: "If we fail to pay face value of within note, we agree to pay ten (10) bales of cotton, to class low-middling, each to weigh 500 lbs., and to be delivered in any warehouse in Montgomery, Alabama, which said Bell may designate, as rent." Bell executed a bond for title to the purchasers, conditioned "to make them good and sufficient titles to said lands, whenever all of said installments were paid," and took from them a "mortgage on said lands, and on the crops to be grown thereon during the year 1880; said mortgage to be void, so far as the crops were concerned, on the payment of the first installment, due November, 1880." This mortgage, the bill of exceptions states, "referred to and described the said written obligations, except that nothing was therein said in reference to the indorsement on said obligations above copied; and neither said mortgage nor said obligations were recorded." The purchasers took possession of the land under the contract, and raised about twenty-five bales of cotton during the year

1880, besides other crops.    On the 20th February, 1880, John A. Tyson took a mortgage from said Martin *et al.*, the purchasers, on the crops to be grown on the lands during the year 1880, to secure advances made and to be made during the year; and this mortgage he transferred on the 1st October, 1880, to said Tyson & Lightfoot, the defendants.    Under this mortgage, the defendants received from said Martin *et al.* the proceeds of several bales of cotton, which amounted to $331.82; and the evidence showed, as the bill of exceptions states, "that said Tyson & Lightfoot, at the time of receiving the same, knew that the money was from the proceeds of cotton grown on said lands.    The evidence showed, also, that said Bell lived at Calhoun, in said county of Lowndes, while the defendants lived at Fort Deposit, about five or six miles distant, and they were well acquainted with each other; that each of said defendants knew that said tract of land had long belonged to said Bell, and that said Martin and others held possession in some way under him; but it did not show that either of them knew, further than is shown in this bill of exceptions, the character of the possession of said Martin *et al.*    As to whether Tyson or Lightfoot had seen or heard of the mortgage to Bell, before the execution of the mortgage to Tyson, or before the transfer of said mortgage to Tyson & Lightfoot, the evidence was conflicting.    Tyson and Lightfoot both swore, that they had not seen or heard of the existence of Bell's said mortgage, but had seen the notes, or written obligations, secured by said mortgage. In contradiction of this testimony, the plaintiff introduced a letter" written to him by said John A. Tyson, dated in January, 1881, in which these words were used:    "I am aware of what kind *a* lien you hold upon Fayette Martin, as I have seen the papers; and if he does not make a better payment than he has done, I shall contend for all cotton he has made over his rent, which is ten bales.    I hope you will reconsider, and take up his paper, as he is on your place, and I dont want to interfere with him."    It was in evidence, also, "that said Bell had received from Martin *et al.*, on the purchase of said land, during the year 1880, sixteen and a half bales of cotton, and corn and fodder to the value of $35.70."

On this evidence, the court charged the jury as follows: "If the only information Tyson & Lightfoot, or John A. Tyson, had of Bell's mortgage, was, that the land belonged to Bell prior to the taking of Tyson's mortgage, and that he had sold the same to the persons named in his mortgage, with the understanding that they were to pay 9,375 lbs. of lint cotton on 1st November, 1880, 1881, 1882, and 1883, with condition that, if the cotton agreed on was not paid, Bell could treat the contract as a renting, and these are all the facts, then these facts

[Welden v. Schlosser.]

are not sufficient to put the defendants on inquiry." The plaintiff excepted to this charge, and he now assigns it as error.

WATTS & SON, for appellant, cited *Hussey v. Peebles*, 53 Ala. 432; *Lomax v. LeGrand*, 60 Ala. 537; *Rees v. Coats*, 65 Ala. 256.

J. R. TYSON, and R. M. WILLIAMSON, *contra*, cited *Wilson v. Stewart*, 69 Ala. 302; *Wilkinson v. Ketler*, 69 Ala. 435.

SOMERVILLE, J.—We find no error in the rulings of the Circuit Court in this cause. The defendants were not chargeable with constructive notice of plaintiff's unrecorded mortgage, executed by Martin and others upon the crops grown upon the land which they had purchased from the plaintiff. It is shown that the defendants knew of the existence of plaintiff's claim for the purchase-money, but we are aware of no rule of law which makes notice of the existence of a debt to be constructive notice of a secret lien created by an unrecorded mortgage by which such debt is secured. The defendants were purchasers of the cotton for value, without notice; the mere knowledge of the plaintiff's claim not being sufficient to put them on inquiry as to the lien of his mortgage. The case of *Wilkinson v. Ketler*, 69 Ala. 435, is an authority conclusive of this proposition, if an authority were needed for an elementary principle so manifestly correct and reasonable in itself.
Affirmed.