# Simpson & Hall *v.* Hinson.

*Action for Damages by Mortgagee, for Conversion of Mortgagor's Crop.*

1. *Notice of unrecorded mortgage.*—A second mortgagee is not chargeable with notice of a prior unrecorded mortgage on the same property, because, on making inquiry of the mortgagor whether the first mortgagees did not hold a mortgage against him, he was informed that they did, but that it was on other property only.

2. *Correspondence of pleadings and proof.*—In trover for the conversion of cotton, by the first against the second mortgagee, if a conversion is not shown, the plaintiff can not recover the excess of the proceeds of sale over and above the defendant's claim, though he might recover it in an action for money had and received.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This action was brought by Simpson & Hall, suing as partners, against Joseph L. Hinson, and was commenced on the 30th March, 1888. The complaint contained a count in trover, for the conversion of five bales of cotton; and a special count in case, claiming damages because the defendant received and sold the cotton, knowing that plaintiffs had a mortgage on it for advances, whereby their lien was lost. The cause was tried on issue joined on the plea of not guilty. The cotton involved in the case was raised by T. A. Simmons, during the year 1887, and each party claimed under him; the plaintiffs under a mortgage for advances executed on the 8th February, 1887, which was filed for record on the 19th February; and the defendant under a mortgage executed on the 18th February, 1887. On all the evidence adduced, the court charged the jury, that they must find for the defendant, if they believed the evidence. The plaintiffs excepted to this charge, and they here assign it as error.

GAMBLE & POWELL, and G. COOK, for appellants, cited *Lomax v. LeGrand,* 60 Ala. 537; *Boggs v. Price,* 64 Ala. 514; *Stallworth v. Foster,* 62 Ala. 547; *Railway Co. v. Felrath,* 67 Ala. 189; 2 L. C. Eq. 100; *Hudmon Bros. v. Dubose,* 85 Ala. 446; *Marks v. Robinson & Ledyard,* 82 Ala. 69; *Collier v. Faulk,* 69 Ala. 58; *Hurst & McWhorter v. Bell & Co.,* 72 Ala. 336; *Thompson v. Powell,* 77 Ala. 391;

[Simpson & Hall v. Hinson.]

*Kelly v. Longshore,* .78 Ala. 203; 79 Ala. 164; *Craft v. Russell,* 67 Ala. 9; *Ware v. Curry,* 67 Ala. 274; *Meyer v. Cook,* 85 Ala. 417; *Smith v. Lehman,* 85 Ala. 394.

W. R. Houghton, *contra,* cited Code, § 1814; *Heflin v. Slay,* 78 Ala. 180; *Wilkinson v. King,* 81 Ala. 156.

CLOPTON, J.— Both plaintiffs and defendant derive claim to the cotton in controversy under mortgages executed to them respectively, in February, 1887, by T. A. Simmons. The mortgage to plaintiffs was first ·executed, but was not recorded until after the execution of defendant's mortgage. Conveyances of personal property to secure debts being, under the statute, inoperative against creditors and purchasers without notice until recorded, defendant's claim must prevail, unless it be shown that he had notice of the prior mortgage. The only evidence on which plaintiffs claim notice is, that before defendant took his mortgage, he inquired of the mortgagor whether the plaintiffs did not hold a mortgage against him, and was informed that they did, but that it was on other property, and did not include his crops. It turned out that their mortgage did include the crop. It is insisted that this information, being communicated by the mortgagor, was sufficient to put the defendant upon inquiry as to what property was embraced in the prior mortgage, which inquiry he should have made of plaintiffs, and not relied on the statement of the mortgagor. The court gave the affirmative charge in favor of defendant.

In determining whether a purchaser is excused or justified in relying and acting upon an entire communication, consisting in part of information, which, unexplained or contradicted, would amount to actual notice, and in part of explanatory or contradictory statements invalidating the effect of such information, the relation of. the person making the communication to the subject-matter, and his interest therein, is a material element entering into the consideration. If the information and the explanatory and contradictory declarations are communicated by a stranger, having no interest to serve or promote, the purchaser, in the absence of further information, or special reasons for rejecting the latter statements, may rely on the whole communication. But, if the person with whom the purchaser is dealing as the owner of the property, informs him that there had been an outstanding conflicting lien or claim, he is not warranted in relying and

[Simpson & Hall v. Hinson.]

acting on such person's contemporaneous declaration, that such lien or claim has been paid, rescinded, abandoned, or otherwise removed; information of an outstanding lien or claim, coming from one thus interested, is sufficient to put the purchaser upon inquiry as to the truth of his explanatory or contradictory statements. This, however, is not the question involved in this case. No information pointing to the existence of a prior mortgage on the crops was given; the declaration being that no such mortgage had been made.

The precise question raised by the affirmative charge is this: Whether information of the existence of a mortgage held by plaintiffs, communicated by the mortgagor, who, at the same time, declared that it was on other property and did not affect the crop, which statement defendant believed and acted on, but which was untrue and misled him, is sufficient, in the absence of other information, or grounds for suspicion of the truth of the mortgagor's statement, to charge defendant with notice of the prior mortgage? This question was expressly decided in *Jones v. Smith*, 1 Hare, 43. In that case, the equity of the plaintiff arose under a marriage-settlement between his father and mother. Smith, before taking his mortgage, inquired of the mortgagor and his wife, who were the father and mother of the plaintiff, whether any marriage-settlement had been made between them, and was informed that a settlement had been made of the wife's fortune only, and that it did not include the husband's estate, which he proposed to mortgage. The mortgagee took a mortgage on the husband's property, which was in fact included in the marriage-settlement, as security for the money advanced, without having seen the settlement, or having ascertained its contents. It was held that he was not chargeable with notice of the contents of the settlement, or that it comprised the husband's estate. On appeal to the Chancery Court, this decision was declared to be right, and the appeal was dismissed.—19 Eng. Ch. 243. The Lord Chancellor, in reference to the sufficiency of the information to charge the mortgagee with notice, said: "Undoubtedly, where a party has notice of a deed, which, from the nature of it, must affect the property, or is told at the time that it does affect it, he is considered to have notice of the contents of that deed, and of all other deeds to which it refers; but, where a party has notice of a deed, which does not necessarily—which may or may not—affect the property, and is told that in fact it does not affect it, but relates to some

34

other property, and the party acts fairly in the transaction, and believes the representation to be true, there is no decision which goes the length of saying that, if he is misled, he is fixed with notice of the instrument." The facts in the case of *Jones v. Smith*, and in the case under consideration, are substantially the same—they are parallel cases.

Much contrariety is found in the decisions, as to what collateral facts are sufficient to put a party upon inquiry, so that he may be charged with notice of the main fact. The criterion most generally adopted and applied is, whether the particular facts would lead a reasonably prudent man, acting honestly, to make further inquiries before consummating a transaction concerning the property. Though this test leaves a broad margin for the exercise of discretion and judgment, it is, perhaps, as definite as can be laid down, and applicable in the greater number of instances. Information personally communicated, which constitutes actual notice, proved by positive evidence, must assert the existence of a conflicting claim or right as a fact, though it need not impart full information of its details, nature, or extent. Information of facts which put a party upon inquiry, when such inquiry, if prosecuted with due diligence, would certainly lead to knowledge or discovery of a conflicting claim or right, is an equivalent or substitute for actual notice—or, as generally defined, circumstantial evidence from which actual notice is absolutely inferred. The logical sequence is, that the particular facts, in order to authorize the inference of actual notice, or to constitute a failure to inquire a substitute for actual notice, must, at least, suggest the probability of an adverse interest or right—must be of such kind and amount as would excite in the mind of a prudent man a reasonable apprehension of the existence of some antagonistic incumbrance or claim.

In *Rogers v. Jones*, 8 N. H. 264, Newhall, the mortgagor, had executed and delivered to Mrs. Jones a deed conveying the premises to her. It was returned to him, that he might acknowledge it before the proper officer. While the deed was in his possession, he applied to Rogers to dismiss some attachments which had been sued out, sell the personal property, and take a note for the balance of the debt secured by a mortgage of the premises, which he proposed to give, and at the same time informed Rogers that he had prepared a deed conveying the premises to Mrs. Jones, but it had never been acknowledged or delivered, and exhibited the deed.

Rogers accepted the mortgage. It was held, that the mortgagee had the better title. Also, where the only proof of notice was, that the trustee had prepared a draft of a deed of appointment, to be executed by another under a power, but it was not shown that he ever heard of it afterwards, it was held that the trustee was not bound by notice of the deed, though it was in fact executed.—*Cothay v. Sydenham*, 2 Bro. Ch. R. 391. These decisions rest on the principle, that a party who is merely informed that a deed had been prepared but not delivered, or that a deed was contemplated, but never heard of its execution, is not put upon inquiry as to the actual delivery of the one, or the actual execution of the other. In *Cothay v. Sydenham, supra*, Lord Thurlow says: "If the notice had been of a deed actually executed, it certainly would do; but, where the notice is not of a deed, but only of an intention to execute a deed, it is otherwise; there is no case or reasoning which goes so far as to say that the purchaser shall be affected by notice of a deed in contemplation." The principle is, that to devolve the duty to make further inquiry, it is essential that the facts, of which the party is informed, reasonably point to or indicate the existence of a conflicting right or claim, affecting the particular property. The present case is stronger than either of those last cited.

The question is, whether, defendant having been informed by the mortgagor that plaintiffs had a mortgage on other property, his omission to make inquiry of them as to its contents, by the prosecution of which he would have discovered that it included the crops, is conclusively charged with notice as effectively as its registration prior to the execution of defendant's mortgage would have done? If the mortgagor had simply asserted that there was no mortgage on his crops, it is manifest that defendant would not have been affected with notice. The additional statement, that plaintiffs had a mortgage relating to other property, did not qualify such assertion, so as to destroy its effect and consequence, unless special reasons existed for rejecting, or at least doubting, its truthfulness. The extraneous facts, sufficient to fix upon a party, dealing in respect to the property, notice of an unrecorded incumbrance, involve fraud or negligence in failing to make inquiries obvious to a prudent man. Had plaintiffs' mortgage necessarily affected the crops, or had defendant been told that it did affect them, but was invalid or inoperative for any cause, a different case would have been presented,

But it is a harsh rule, tending to obstruct and defeat daily business transactions, which declares a party to be a *mala fide* purchaser, or charges him with notice of a prior unrecorded incumbrance, because of failing to make inquiry as to its contents, when the same person who informs him of its existence, also informs him at the same time that it does not affect the subject-matter of his purchase, in the absence of any probable cause to suspect the truth of the latter statement. A rule of such stringency would go so far as to exact inquiry as to the contents of all unrecorded conveyances, which the party proposing to purchase was informed, or may have heard, had been previously made by the person with whom he is dealing as owner, because of a bare possibility that they may affect the particular property. No special reasons are shown why the defendant should have doubted or suspected the truth of the statement of the mortgagor. Its apparent candor was rather calculated to induce confidence. There being no evidence tending to show any ground of distrust, the fact of which defendant was informed, was not, under the circumstances, sufficient to put him upon inquiry. The registration of the mortgage subsequently made by plaintiffs was not notice to defendant. The record has no retrospective effect.—1 Jones on Mort. § 562.

It is also insisted, that the affirmative charge should not have been given, it appearing that the proceeds of the sales of the cotton were in excess of the amount due on defendant's mortgage, and there being a conflict in the evidence, whether plaintiffs directed it to be sent by the mortgagor, by whom defendant testified he sent it, and that he was so directed by plaintiffs. The action is founded on a *tort*, the wrongful conversion of the cotton—one count of the complaint being in trover, and the other in case. Under such complaint, plaintiffs can not recover the excess, as money had and received. Giving the affirmative charge worked no injury to them in this regard.

Affirmed.