# Manasses v. Dent.

*Action for Damages by Landlord, against Purchaser of Tenant's Crop.*

1. *Constructive notice of landlord's lien.*—A conversation held in November, 1887, between plaintiff's tenant and the defendant, who was soliciting his trade for the next year, in which the tenant told him that

[Manasses v. Dent.]

"he was paying rent and advances to plaintiff, for land which he had purchased conditionally, and that his custom would be worth but little unless he could get the land paid for"; to which the defendant replied, "that he had money, and would let him have it to pay for the land, to come and trade with him,"—is sufficient to charge the defendant, taking a mortgage on the tenant's crops in January, 1888, with constructive notice of the plaintiff's lien as landlord on the crops grown during the year 1888; and if he receives and sells the crops, he is liable for damages in a special action on the case.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by S. H. Dent against J. Manasses, to recover damages for the defendant's tortious act in receiving and selling several bales of cotton, alleged to have been raised by one P. A. Butts, on lands which he had rented from the plaintiff, whereby plaintiff's lien as landlord was lost; and was commenced on the 15th April, 1889. In January, 1888, said Butts executed a mortgage to defendant, conveying all the crops raised by him during the year 1888, with other property, for advances and supplies furnished during the year; and under this mortgage the defendant received and sold four or five bales of the crop raised by Butts. The material question in the case was, whether the defendant was chargeable with constructive notice of the plaintiff's lien as landlord; and that question was presented by the second charge asked by the defendant, which was refused, and its refusal is here assigned as error. The charge is set out in the opinion of the court, and also the material facts shown by the evidence on which it is based.

ROQUEMORE, WHITE & McKENZIE, for appellant.

J. E. LONG, contra.

CLOPTON, J.—The sole question urged in the argument of appellant's counsel, relates to the sufficiency of the information received by him to charge him with notice of the landlord's lien, and arises upon the refusal of the court to give the following charge: "If, at the time Manasses took the mortgage, and at all times afterwards, and up to the time of receiving the cotton, he was led to believe by Butts that the cotton was grown upon his own lands; then the information given by Butts in the previous Fall was not sufficient to constitute constructive notice to Manasses of Dent's

lien." The suit is a special action on the case, brought by appellee against appellant, for receiving and selling cotton grown on rented premises, whereby he was deprived of the opportunity to enforce his landlord's lien for rent and advances. Butts, who was the tenant of plaintiff during the year 1888, executed to defendant, in January of that year, two mortgages on real and personal property, which was his own, and on all the crops produced by him during that year.

The information referred to in the charge, as having been given by Butts to defendant, is set out in the bill of exceptions substantially as follows: In November, 1887, defendant was soliciting his trade for the next year, when Butts informed him that he was on land which "he had purchased conditionally, and was paying rent and advances to the plaintiff, Dent, and that unless he could get the land paid for, his custom would be worth but little; that defendant said to him, 'All right, he had money, and would let him have it to pay for the land, to come and trade with him.'" Counsel insist, that the information was insufficient, on the ground, first, that it was communicated prior to the execution of the mortgages, and that notice, to be binding, must be obtained in course of a trade or negotiation with reference to the property. In this class of cases, the general rule prevails, that whatever is sufficient to put a party on inquiry, is sufficient to charge him with notice of the main fact, if such inquiry, prosecuted with reasonable diligence, would lead to its ascertainment. It has been held by many authorities, that *actual* notice, to be binding, must be obtained in the course of the transaction or dealing respecting the property; but this rule is inapplicable to knowledge of facts as the equivalent or substitute for actual notice. If a party has, at the time of the transaction, information of facts which would naturally excite suspicion, and would operate upon the mind of a prudent man of business, and cause him to act in reference to such knowledge, it is immaterial from what source, or by what method, or at what time the information was obtained.—2 Pom. Eq. Jur. § 603; Bigelow on Fraud, 389. The requirement that the information should be received during the transaction, or dealing, would, in a large majority of cases, defeat the policy upon which implied or imputed notice rests.

The hypothesis of the charge—if defendant was led to believe by Butts that the cotton was grown upon his own

lands"—is based on the evidence tending to show that, at the time the mortgages were executed, nothing was said about plaintiff's ownership of the land, or his lien, but that Butts represented that the property was his own and unincumbered; also, upon a recital in the mortgage to the same effect. It does not appear that Butts cultivated in 1888 any land other than the land of plaintiff, which he had rented, and had been cultivating as tenant for six or seven years previously, with option to purchase. He had informed defendant that the relation of landlord and tenant existed between plaintiff and himself, and that his custom would be worth but little unless he could get money to pay for the land. Defendant knew that he had not furnished him money for that purpose. Under the circumstances, he was not warranted in acting and relying upon the statement of Butts, that the crops were his own, and unincumbered. While desiring and arranging to procure supplies for the year, Butts was moved by strong personal interest to misrepresent the facts, and defendant should have made inquiry.—2 Pom. Eq. Jur. § 601; *Simpson & Hall v. Hinson,* 88 Ala. 527.

It is further insisted, that defendant stands in the position of purchaser after the removal of the cotton from the rented premises, having paid the purchase price in advance, and that the taking of the mortgage did not cause the plaintiff any wrong. This is untenable. He can not stand in that relation, unless his right was acquired, independently of any previous claim, after the cotton had been severed from the freehold and removed from the premises, without notice of the landlord's lien. The mortgages embraced all the crops produced by the mortgagor, on whosesoever land grown. Defendant's right was acquired by the mortgages, in consequence of, and in subordination to which the cotton was subsequently delivered; there was no transaction respecting the cotton disconnected from the mortgages. They were executed before the crop was planted, and defendant having at that time information of the relation between the mortgagor and the plaintiff, it became his duty to inquire before disposing of the cotton as to the existence of the lien.—*Lomax v. LeGrand,* 60 Ala. 537.

Affirmed.