[Alabama Machinery & Supply Co. v. Bank of Camden.]

# Alabama Machinery & Supply Co. v. Bank of Camden.

## *Detinue.*

(Decided May 9, 1911.   55 South. 438.)

1. *Mortgages; Notice; Constructive Notice.*—Where one in possession of a chattel sought to mortgage it to a bank, and at the time notified the bank that he had not entirely paid for it, but did not suggest that the seller retained the title thereto, or lien thereon, the bank did not have such constructive notice of the seller's retention of title as to put it on inquiry and render the seller's title superior to that of the mortgage.

2. *Appeal and Error; Harmless Error; Want of Evidence.*—Where, under the evidence in the case the defendant is entitled to the affirmative charge the giving of other erroneous charges is harmless to the plaintiff.

3. *Same.*—Where the seller of a chattel which the buyer mortgaged to the bank insisted that the bank did not have priority over him because of constructive notice of a reservation of title, which was not recorded, and the alleged constructive notice to the bank's representative was not sufficient as a matter of law to charge the bank with such notice, an erroneous instruction on the question as to whether such person was an officer of the bank, was harmless.

4. *Charge of Court; Presentation of Issues.*—Where the plaintiff's replication to the defendant's plea was not supported by any evidence, a charge was not erroneous in failing to present it as an issue to the jury.

APPEAL from Wilcox Circuit Court.

Heard before Hon. B. M. MILLER.

Detinue by Alabama Machinery & Supply Company against the Bank of Camden for a planer and matcher. Judgment for defendant, and plaintiff appeals. Affirmed.

The plaintiff claimed the title to the property through a contract of sale retaining title to the property executed by T. J. Jones & Co., and the bank claimed through a mortgage executed on said property by the individuals composing the firm of T. J. Jones & Co. and by the firm. The bank secured the possession of

[Alabama Machinery & Supply Co. v. Bank of Camden.]

the property under the mortgage prior to the suit. The testimony as to the notice sufficiently appears in the opinion of the court, and it seems from the bill of exceptions that the contract retaining the title was not recorded before the execution, delivery, and recordation of the mortgage. The replication to the fifth plea was that at the time the mortgage set up in said plea was executed the defendant had notice of facts sufficient to put it upon inquiry that the plaintiff held retention of title to the property sued for.

The following charges were requested by the plaintiff: (3) "If the defendant was informed by T. J. Jones & Co. on the day and before the mortgage was given that they had no right to mortgage the planer and matcher, then this was a fact, if true, that is calculated to excite the suspicion of the mortgagee." (5) "The court charges the jury that if they believe the evidence they should find for the plaintiff." The defendant requested the following charges, which were given: (1) "The court charges the jury that, if the defendant has proven the facts as set up in any one of the pleas in this case, they should find for the defendant." (2) "In passing upon notice to the Bank of Camden or not, it is necessary for the plaintiff to show that some officer of the corporation had notice of the retention of the title, or of such facts as to naturally and reasonably put a prudent man on inquiry." (3) "The court charges the jury that they must believe from the evidence in this case that W. J. Bonner was an officer of the corporation, the Bank of Camden."

BALL & SANFORD, for appellant. The court erred in refusing charge 3.—*Center v. P. & M. Bank,* 22 Ala. 743; *Hickey v. McDonald,* 160 Ala. 304. The court erred in refusing charge 5. Counsel discuss other assignments of error, but without citation of authority.

[Alabama Machinery & Supply Co. v. Bank of Camden.]

HOWARD & JONES, and N. D. GODBOLD, for appellee. No brief came to the Reporter.

WALKER, P. J.—The appellant, the plaintiff below, sold and delivered the property sued for in this case to T. J. Jones & Co. The written contract of sale and the notes executed by the purchasers for the unpaid part of the purchase price recited that the title to the property should remain in the appellant until all the purchase-money notes were paid. Before the contract of sale or the notes were filed for record, a mortgage of the same property by Jones & Co. to the appellee, was duly recorded, and the appellee acquired possession of the property under that mortgage. The appellee's claim to the property must prevail, unless at or before the time the mortgage was taken it was charged with notice of the appellant's title.

The evidence bearing upon the question of notice consisted of the testimony of T. J. Jones, examined as a witness for the plaintiff, and W. J. Bonner, a witness for the defendant. The testimony of the witness Jones, so far as it relates to this question, was as follows: "I told the bank before this mortgage was executed that I had no right to mortgage the property, as it had not been paid for. I told the bank this before I gave the bank the mortgage. I told the bank the purchase-money notes for this property were not paid. This was before mortgage to the bank was given. The said mortgage was given to the bank after this firm had overdrawn their account; that they were drawing on the bank right along before and after the same was given. * * * I told them (the bank) there were some outstanding notes that were unpaid. I am certain that I told Mr. W. J. Bonner that I had no right to mortgage this property, for I told him that I had not paid for it, and

that there were some outstanding notes on this property. I told him there were some notes given for this planer and matcher to plaintiff that were outstanding. I did not say the notes retained title. When I signed the notes and contract in Selma to plaintiff I did not read them, and did not know what they contained." The witness Bonner testified as follows: "T. J. Jones did not tell me the title was outstanding. He did not tell me there was a retention of title to the planer and matcher. I knew there was outstanding debt on the property. I knew T. J. Jones & Co. had purchased the planer and matcher, and that it was unpaid for, as the two payments made on said machinery were made by checks on Bank of Camden, and were paid by the bank. I don't remember whether T. J. Jones told me when the mortgage was executed that the notes to plaintiff were unpaid; but he told me before. * * * T. J. Jones said nothing to me about purchase-money lien on said property. * * * My best recollection is that T. J. Jones did not tell me that he had no right to mortgage this property. He had told me before, and I knew before the said mortgage to Bank of Camden was made, that there was a balance due plaintiff by T. J. Jones & Co. on this property; but I did not know there were any purchase-money lien notes on this property. I did not know there was any retention of title note. T. J. Jones did not say anything to me about purchase-money lien on said property."

This evidence falls short of tending to show that the appellee had notice of the appellant's title, or was chargeable with such notice by any fact brought to its attention. The testimony does not go farther than to show that the bank was fully informed that the property mortgaged to it had not been fully paid for. That property having thus been sold and delivered to the

mortgagors, the law gave the sellers no lien upon or title to it, and such lien or title could only exist by contract. Nothing that was said suggested the existence of any such contract. The statements of the witness Jones: "I told the bank before this mortgage was executed that I had no right to mortgage this property, as it had not been paid for. * * * I told Mr. W. J. Bonner that I had no right to mortgage this property, for I told him that I had not paid for it, and that there were some outstanding notes on this property"—suggested the impropriety, from the standpoint of morals, of mortgaging to a third person property not paid for; but there was no intimation of the existence of a contract securing to the seller any right or title to the property. "The particular facts, in order to authorize the inference of actual notice, or to constitute a failure to inquire, a substitute for actual notice, must at least suggest the probability of an adverse interest or right —must be of such kind and amount as would excite in the mind of a prudent man a reasonable apprehension of the existence of some antagonistic incumbrance or claim."—*Simpson & Hall v. Hinson,* 88 Ala. 527, 7 South. 264. In the case at bar nothing was said hinting that any antagonistic incumbrance or claim existed. There is no rule of law making information of the existence of a personal liability for the purchase price of property constructive notice of a secret unrecorded contract reserving title to it.—*Bell v. Tyson,* 74 Ala. 353; *Wilkinson v. Ketler,* 69 Ala. 435.

As there was no evidence in the case warranting a finding by the jury that the defendant had actual or constructive notice of the plaintiff's title to the property sued for, the general affirmative charge in favor of the defendant might have been given. This being true, the appellant could not have been prejudiced by

30—CA

the refusal of the court to give the charges requested by it, or by the giving of charge 2 requested by the defendant.

There being no evidence to sutain plaintiff's special replication to the fifth plea, it was not error to give charge 1 requested by the defendant.

If it was error to give the written charge 3 requested by the defendant, for the reason that the evidence was such as merely to warrant the jury in inferring that W. J. Bonner was an officer of the bank, and was not such as to justify the court in assuming that fact to be proved, yet the error was without injury to the plaintiff, as it could not maintain its claim to the property sued for without proof of notice, actual or constructive, to the bank, when the mortgage was taken, of plaintiff's title to the mortgaged property, and there was no such evidence.

Affirmed.