# McConnell v. Meridian Sash & Blind Factory.

### Action to Enforce Material-man's Lien.

1. *Mechanic's and material-man's lien; statement filed in probate office must be verified.*—The mechanic's and material-man's lien law, approved February 12, 1891 (Acts 1891-92, p. 578), being unconstitutional and void, a lien can only be established in accordance with the provisions of the Code, and the subsequent acts amendatory thereof, (Acts, 1894-95, p. 1238); and the statement required by said section, as amended, to be filed in the probate office, must be "verified by the oath of the claimant, or of some other person having knowledge of the facts," and the omission of the verification as thus required is fatal to the establishment of the lien.

APPEAL from City Court of Birmingham.
Tried before the Hon. W. W. WILKERSON.

This was a suit instituted by the appellee against the appellant, H. L. McConnell, and certain named contractors, to recover an amount alleged to be due the plaintiff for material furnished to the contractors, and used by them in building a house for H. L. McConnell, the owner, and for the establishment of a material-man's lien upon the property. The suit was filed, and the remedy sought to be enforced under the provisions of the mechanic's and material-man's lien law as passed by the legislature in the term of 1890-91, (Acts 1890-91, p. 578).

In the complaint, it was not averred or shown that the statement filed in the probate office for the establishment of the lien was verified by affidavit of the claimant; or of some person having knowledge of the facts. The complaint was demurred to upon many grounds, among which was the following: "13th. The averments show that the statement filed was not verified by affidavit." The demurrer to the complaint was overruled. It is not necessary, under the opinion on the present appeal, to set out the facts in detail.

Upon the hearing of all the evidence, the court, trying the cause without the intervention of a jury, rendered

[McConnell v. Meridian Sash & Blind Factory.]

judgment in favor of the plaintiff. The defendant, Mc-Connell, appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

SMYER & SMYER, for appellant.—The court erred in overruling the demurrers of McConnell. Each count in the complaint showed that the claim of lien filed in the probate office was not verified by affidavit, which was a necessary prerequisite to a lien being declared upon the property of McConnell.—*Globe &c. Co. v. Thacher*, 87 Ala. 465 ; *Chandler v. Hanna*, 73 Ala. 393 ; *Leftwich Lumber Co. v. Florence M. B. & L. Asso.*, 104 Ala. 584.

ARNOLD & EVANS, *contra*.—There was no error in the court overruling appellant's objection and admitting in evidence the claim of lien filed by appellee in the probate judge's office. Neither objection made against its admission was good.—Code of 1886, § 3022 ; *Leftwich Lumber Co. v. Florence B. &c. Co.*, 104 Ala. 584.

BRICKELL, C. J.—Liens of the character here sought to be enforced are dependent for their validity upon a strict compliance, in all matters of substance, with the provisions of the statutes from which they derive their existence.—*Globe Iron Roofing & Corrugating Co. v. Thacher*, 87 Ala. 458 ; *Leftwich Lumber Co. v. Florence Mutual B. & L. Ass'n*, 104 Ala. 584.

By section 3022 of the Code of 1886, it is made necessary that the person claiming the lien should, within a given time, file in the office of the judge of probate "a statement in writing verified by the oath of the claimant or some other person having knowledge of the facts," &c. A statement was filed by the appellee, within the prescribed time, but it was not verified. This omission, we have frequently held, is fatal to the assertion of the lien. See cases cited *supra*. No admission of the validity of the debt can take the place of the positive requirements of the statute. The court, therefore, erred in overruling the 13th ground of demurrer.

It is evident the proceeding was begun and completed under the act (1890-91, p. 578) which we declared unconstitutional and void in *Randolph v. Builders' & Painters' Supply Co.*, 106 Ala. 501. It was contended in that case, as it is here, that the unconstitutional portions of

[Spies v. Stikes *et al.*]

the act were separable from the other portions not open to that objection ; but we held in that case, and the later case of *Greene v. Robinson*, 110 Ala. 503, that the act was void in its entirety.

No lien having been established, for the reasons we have assigned, it is unnecessary to determine other questions presented by the record. Let the judgment be reversed and the cause remanded.

Reversed and remanded.