(102 So. 221)

## KNIGHT v. HILL. (5 Div. 907.)

(Supreme Court of Alabama. Dec. 4, 1924.)

1. **Mechanics' liens** &=>154(5)—**Verification of written statement must be made before officer authorized to administer oath.**

Verification of written statement filed in office of judge of probate to establish mechanic's lien, as provided by Code 1907, § 4758, must be made before officer authorized to administer oath.

2. **Evidence** &=>45—**Judicial notice not taken of appointment and term of office of notary public of another state.**

Court cannot take judicial notice of appointment and term of office of notary public of another state.

3. **Acknowledgment** &=>57—**Proof necessary to render written statement, sworn to before notary public of another state, establishing mechanic's lien admissible in evidence, stated.**

Notwithstanding Code 1907, § 3359, relating to taking acknowledgments and proofs of conveyances, and section 4759, relating to oath to written statement made out of state to establish mechanic's lien as required by section 4758, to make such written statement, sworn to before person purporting to act as notary public of another state, admissible in evidence, there must be proof that he was notary public in such state at that time, though if his certificate states in its body that it was done by him as notary public under seal of office, and he certifies therein that his seal of office is attached, and it is attached, fact that he was notary public will be prima facie presumed.

4. **Acknowledgment** &=>57—**Admission of written statement, seal to which was not certified as being official seal of notary public of another state, held. error.**

In suit to establish and enforce mechanic's lien, admitting in evidence written statement required by Code 1907, § 4758, verified by officer purporting to be notary public of another state, where his certificate did not certify or make reference to his seal of office, though seal was attached thereto, was error.

Appeal from Circuit Court, Randolph County; S. L. Brewer, Judge.

Suit to establish and enforce a lien by John Hill against W. H. Knight. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Paul J. Hooton, of Roanoke, and Barnes & Walker, of Opelika, for appellant.

An omission to verify claim for lien is fatal to its enforcement. Code 1907, § 4758. McConnell v. Meridian S. & B. Co., 112 Ala. 582, 20 So. 929. The jurat in this case was not sufficient; the certificate of the notary shows no purpose of the officer to affix his seal. Ala. Nat. Bank v. Chattanooga D. & S. Co., 106 Ala. 663, 18 So. 74; Chandler v. Hanna, 73 Ala. 390; Dawsey v. Kirven, 203 Ala. 446, 83 So. 338, 7 A. L. R. 1658.

J. A. Hines, of La Fayette, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is a suit by John Hill against W. H. Knight for services rendered as an architect during the years 1920 and 1921 on defendant's three-story brick and stone bank building, and to establish and enforce a lien on the building and the lot on which it is erected for the collection of this debt. The defendant pleaded general issue, and special plea of discharge in bankruptcy as against personal judgment for the debt.

The cause was tried under the issues presented by the pleading by a jury. They returned a verdict in favor of plaintiff fixing the amount due for his services, and found that he had a lien for it on the bank building and lot described in the complaint, and from a judgment thereon by the court against the property in favor of plaintiff this appeal is

prosecuted by the defendant. Since the appeal was taken, the defendant died, and the cause was revived by an order of this court in the name of Paul J. Hooton, as the administrator of his estate.

The court, over the objection and exception of the defendant, permitted the plaintiff to offer in evidence the written statement of the claim of the plaintiff for his services rendered, and for his lien on the property, which was filed in the probate office of Randolph county, Ala. The defendant objected to the introduction of this written statement, and moved to exclude it from the evidence after it was introduced on many grounds; but we will notice only the ones insisted on in the argument of appellant. The appellant insists it should not have been introduced in evidence and his objection to it should have been sustained, and his motion to exclude should have been granted, because there was no proof offered that the party taking the affidavit or certificate was such officer in the state of Georgia at that time. The purpose of the officer taking said alleged affidavit as a notary to affix his seal does not appear in the certificate, and the statement is not verified by the plaintiff as required by the laws of Alabama. The jurat to this written statement is in words and figures as follows.

"State of Georgia, Fulton County.

"Personally appeared before the undersigned authority, in and for said state and county, John Hill, who being by me first duly sworn, deposes and says that the matters and things contained in the foregoing statement are true.

"Sworn to and subscribed before me this the 13th day of January, 1922.

"[Signed] Arch M. Conway,
"N. P. State at Large, Ga.
"My commission expires Oct. 27, 1924.
"[Seal. Arch M. Conway State Georgia at Large Notary Public.]"

It is necessary that the person claiming the lien for the services rendered must file a statement thereof in writing in the office of the judge of probate of the county in which the property upon which the lien is sought to be established is situated. The statute (section 4758, Code 1907) also requires that the written statement must be "verified by the oath of the person claiming the lien, or of some other person having knowledge of the facts." The omission to verify it by oath as the statute directs is fatal to the right to the lien. Section 4758, Code 1907; McConnell v. Meridian, etc., Co., 112 Ala. 582, 20 So. 929.

[1-3] The verification of the written statement by oath must be made before an officer authorized to administer it. Chandler v. Hanna, 73 Ala. 390, headnotes 5 and 6. When the oath to it is made beyond this state, it may be administered by any officer authorized to take acknowledgments and proofs of conveyances beyond the state. Section 4759, Code 1907. Acknowledgments and proofs of conveyances within the United States and beyond the state of Alabama may be taken by a notary public in such state. Section 3359, Code 1907. This court and the courts of this state cannot and do not judicially know of the appointment, terms of office of a notary public of another state. Ala. Nat. Bk. v. Chattanooga, etc., Co., 106 Ala. 663, 18 So. 74. When oaths are administered to the written statement by a person purporting to act as a notary public of another state, to make it admissible in evidence under the statute (section 4758), there must be proof that he was a notary public in such state at the time; or if his certificate states in its body that it is done by him as a notary public under his seal of office, and he certifies therein that his seal of office is attached, and it is attached, then the court will presume, prima facie, that he was a notary public in that state at the time of administering the oath. Dawsey v. Kirven, 203 Ala. 446, headnotes 12, 13, 17, 83 So. 338, 7 A. L. R. 1658; Wildman v. Means, 208 Ala. 487, headnote 7, 94 So. 823, and authorities supra.

In Dawsey v. Kirven, 203 Ala. 449, 83 So. 341, 7 A. L. R. 1658, this court wrote:

"We therefore hold that the purpose of the notary to affix his seal must appear in his certificate; otherwise the scroll or impression purporting to be a seal may have been placed on the document by another, and without the knowledge or official act of the notary. In other words, we, or the trial court, are not authoritatively informed that the certificate of acknowledgment of the foreign notary was by him authenticated by his official seal. There is no certificate that the scroll or impression is or was his official seal, or that it was so affixed or made by him as such notary."

[4] In this case the alleged notary public (Conway) in his certificate does not certify therein or make reference therein to his seal of office, though a seal appears attached. It may have been placed there by another without his knowledge or authority. There is no certificate by him as to his official seal being attached. He makes no reference to his seal of office in his certificate; hence under the foregoing authorities there is nothing on which to base a presumption, prima facie, that he was a notary public at that time in the state of Georgia, and we must hold the trial court erred in admitting in evidence, over the objection of the defendant, the written statement of the claim of the plaintiff filed in the probate office of Randolph county. Authorities supra.

For this error the judgment must be reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.