(136 So. 738)

**LAMBERT v. BOWMAN–MOORE HAT CO., Inc.**

**5 Div. 801.**

Court of Appeals of Alabama.
March 25, 1930.

Rehearing Denied Oct. 7, 1930.

Affirmed After Mandate March 24, 1931.

Rehearing Denied May 12, 1931.

Huddleston & Glover, of Wetumpka, for appellant.

Melton & Melton, of Dadeville, and Oakley W. Melton, of Wetumpka, for appellee.

**RICE, J.**

This was a suit by appellee against appellant. Trial was had on February 28, 1927, resulting in a verdict by the jury, in appellee's favor. Judgment was not rendered at the time but was, later, on motion, rendered nunc pro tunc. The time of taking this latter action was July 30, 1928. Motion to set aside the verdict of the jury, etc., and grant to appellant a new trial, was duly filed, and, after various continuances, was overruled on June 25, 1927. The bill of exceptions was not presented to the trial judge until April 25, 1929; and appellee has duly filed a motion to strike same on the ground that it was not presented in accordance with Code 1923, § 6433. So far as we can see, or are advised by appellant, the said motion must be granted.

Code 1923, § 6434. And it is so ordered. Ex parte Hill, 205 Ala. 631, 89 So. 58. We are not of the opinion that the various motions, counter motions, etc., filed after the overruling of appellant's motion for a new trial, operated to extend the time for the presentation of his bill of exceptions.

The action was a simple suit on an account, and, in the absence of a bill of exceptions, there appears merit in none of the assignments of error argued by appellant in his brief.

We discover a vast deal of patience to have been exercised by the learned trial judge, and fail to be persuaded, after careful consideration, that there was prejudicial error in any of his rulings which are properly presented to us for review.

The judgment is affirmed.

Affirmed.

After Remandment by Supreme Court.

PER CURIAM.

Upon the original submission we thought the bill of exceptions in this case should be stricken, for the reasons stated in our opinion. And we so held.

But the Supreme Court has corrected us, on that point, so we now proceed to treat the assignments of error argued and insisted upon by appellant in his original brief, filed in the cause.

The suit was by appellee against appellant; the complaint being in the form of what is known as "on the common counts," one count of same claiming as for "money due by account," another, as for "goods sold the defendant (appellant)," etc., and the action was alleged to have been brought on an itemized, verified, statement of account, filed with the complaint. Code 1923, § 7666.

■ The first ruling of the court below attacked in the argument here is that it erred in overruling, or denying, appellant's motion to strike from the files the purported "sworn itemized statement of account" on which the plaintiff (appellee) bases its suit. The said above motion rested on several grounds, perhaps the chief of which is that it does not appear that the said "itemized statement," etc., was "sworn to as required by law," in that there is nothing to indicate that the party appearing to have "taken the affidavit" had in fact the authority to do so.

The jurat attached to the said itemized statement of the account recites, pertinently here, that the officer taking the affidavit was a notary public, duly commissioned, in and for the county of Knox, state of Tennessee. And the same bears the seal of said purported officer.

We believe that under the terms of Code 1923, § 7666, different, as will be noted, from the provisions of the corresponding section (section 3970) of the Code of 1907, which were in effect when the opinion in the case of Knight v. Hill, 212 Ala. 280, 102 So. 221, was written, the affidavit here in question was not subject to the defects alleged.

■ But, in any event, the way to take advantage of any imperfection in the purported "sworn itemized account" was by objecting to its introduction in evidence, and not by motion to strike it from the files. 1 C. J. 668, par. 204; Elyton Land Co. v. Morgan, 88 Ala. 434, 7 So. 249; Code 1923, § 7666.

So there was no error in overruling or denying appellant's motion to "strike" the said purported itemized verified copy of the account, etc.

We might add that, if the more or less abortive attempt of the plaintiff's (appellee's) counsel to introduce in evidence the said "itemized, verified, copy of the account sued on," be considered an "introduction" of same, it was done without objection on the part of appellant. If it was not an "introduction in evidence" of the said account, of course appellant has nothing to complain of, in the regard under discussion. We are therefore saved the necessity of deciding whether or not the said document was used as evidence.

■ All that we have said above, about the propriety, vel non, of the court's action in refusing to "strike" the "itemized account," etc., will serve to demonstrate, in sufficient part, at least, our view that there was no prejudicial error in "striking" the affidavit of "G. D. Lambert" purporting to deny the correctness, etc., of the said account sued on. Code 1923, § 7666.

■ Perhaps there are other assignments of error argued and insisted upon in a way that demands our attention. But they are based upon rulings about or concerning such obviously inconsequential matters that we would not reverse the judgment on account of them, even if technically erroneous; for an instance, the refusal of the court to "strike" the words "plaintive" or "plaintior" from appellee's motion for a judgment nunc pro tunc, where these words were used in the disjunctive, as alternatives of the word "plaintiff," regularly appearing therein. And other instances of rulings of similar gravity might be mentioned.

■ We have examined each and every ruling even slightly presented for our consideration, and are convinced and hold that there was error in no one of same. But, if we are wrong about this, we are persuaded, and hold, from a consideration of the whole record, that appellant suffered no injury thereby. So, in no event, would the judgment be re-

 

versed on account thereof. Supreme Court Rule 45.

Finding nowhere prejudicial error, the judgment must be, and is, affirmed.

Affirmed.